**Donald W. POINTER, Respondent,**

**v.**

**MISSOURI BOARD OF PROBATION AND PAROLE, Appellant.**

**No. WD 66665.**

Missouri Court of Appeals,
Western District.

March 6, 2007.

Stephen D. Hawke, Jefferson City, MO, for Appellant.

Donald W. Pointer, Cameron, MO, pro se.

Before LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH, and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

The Missouri Board of Probation and Parole (the Board) appeals the judgment of the Cole County Circuit Court. The judgment granted Donald Pointer's Petition for Declaratory Judgment and determined that certain of Mr. Pointer's incarcerations do not constitute commitments under sections 558.019.2 and 559.115.7.[1] In its two points on appeal, the Board claims the trial court erred because (1) Mr. Pointer continues to have three prior commitments even if the 120–day incarceration is excluded, and (2) the amendment to section 559.115 should not have retroactive application. The judgment is reversed, and the case is remanded with instructions.

### Standard of Review

In reviewing a court-tried case, reviewing authority must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Carlyle v. Mo. Dep't. of Corr.*, 184 S.W.3d 76, 79 (Mo.App. W.D.2005)(citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Questions of law are reserved for the independent judgment of reviewing authority without deference to the trial court's determination. *Id.*

### Facts

Donald Pointer filed a Petition for Declaratory Judgment on May 23, 2005, naming the Board as Respondent.[2] He contended that his mandatory minimum prison term for his two concurrent seven-year sentences for possession of a controlled substance and stealing should be 50% of the imposed sentence instead of 80% because he had two prior commitments instead of three commitments under section 558.019. He contended his June 25, 1996, incarceration should not be treated as a commitment because of the 2003 enactment of section 559.115.7.

The Board filed a Motion to Dismiss as Moot on December 2, 2005. The Board claimed Mr. Pointer had five commitments, including his current incarceration. It stated: "Accordingly, even if one were to exclude one of the four prior commitments as being a commitment under § 559.115, there remain three prior commitments that support the [Board's] determination that petitioner remains ineligible for parole consideration until he has served eighty percent of his sentence." Thus, the Board asserted that the petition for declaratory judgment was moot.

The trial court issued its Memorandum, Order, and Judgment on February 7, 2006. It found that Mr. Pointer's June 25, 1996, incarceration should not be counted as a commitment pursuant to section 559.115. It denied the Board's Motion to Dismiss and granted Mr. Pointer's Petition for Declaratory Judgment.

The Board's timely appeal followed.

### Statutory Framework

Section 559.115.7, states:

7. An offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of deter-

---

1. All statutory citations are to RSMo. Cum. Supp.2005 unless otherwise stated.

2. While Mr. Pointer named the Missouri *Department* of Probation and Parole as Respondent, its actual name is the Missouri *Board* of Probation and Parole.

mining a minimum prison term under the provisions of section 558.019, RSMo.

Section 558.019, states, in relevant part:

2. The provisions of subsections 2 to 5 of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For the purposes of this section, "prison commitment" means and is the receipt by the department of corrections of an offender after sentencing. For purposes of this section, prior prison commitments to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

. . . .

(2) If the offender has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be fifty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(3) If the offender has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the offender must serve shall be eighty percent of his or her sentence or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

### Point I

In its first point on appeal, the Board claims the trial court erred in entering judgment in favor of Mr. Pointer because he continues to have three prior commitments, even excluding the 120–day incarceration at issue as a commitment.

The Board filed Mr. Pointer's "FACE SHEET" and his "Remand Count Worksheet" with the court as exhibits to its Motion to Dismiss as Moot. The following chart reflects documents of record, which show Mr. Pointer's convictions and the sentences imposed for each:

| FN[3] # | Sequence[4] | Offense | Offense Type | Cause No. | Offense Date | Sentence Date | Received Date | Sentence Length |
|---|---|---|---|---|---|---|---|---|
| 1 | — | — | — | CR873430 | — | October 30, 1992 | — | — |
| 2 | 1 | Tampering I | C Felony | CR931321 | — | March 4, 1994 | March 11, 1994 | 4 years |
| 3 | 2 | Stealing (120 Day) | C Felony | CR965752 | April 26, 1996 | June 18, 1996 | June 25, 1996 | 1 year |
| 4 | 3 | Stealing (T) | C Felony | CR195214 4FX | September 25, 1995 | October 16, 1996 | June 25, 1996 | 4 years |

3. FN is the number designation representing commitments imposed as a result of convictions (sequence).

4. The sequence number is a number utilized by the Department of Corrections to organize computer entries. It does not have independent significance.

| 5 | 5 5 | Possession of Controlled Substance | C Felony | 16CR9900 3109-01 | March 7, 1999 | March 14, 2003 | November 15, 2004 | 7 years |
|---|---|---|---|---|---|---|---|---|
| 5 | 6 | Stealing (Third Offense) | C Felony | 16CR0100 5046-01 | April 20, 2001 | March 14, 2003 | November 15, 2004 | 7 years |

Mr. Pointer is currently serving commitment # 5.[6] In his petition, he argued his mandatory minimum prison term for # 5 should be 50% instead of 80% because he has two prior commitments instead of three commitments under section 558.019. Mr. Pointer acknowledged commitment # 2 was a commitment in his petition. He also acknowledged commitments # 3 and # 4 in his petition. He claimed # 3 should not be treated as a commitment because of the 2003 enactment of section 559.115.7. Thus, he concluded he has two prior commitments, # 2 and # 4.

In its Motion to Dismiss as Moot, the Board identified commitments # 1, # 2, # 3, # 4, and # 5. It argued that even if Mr. Pointer were correct and # 3 should not be counted as a commitment, he still has three prior commitments (# 1, # 2, and # 4), and his mandatory minimum prison term for his current sentences would remain 80%.

In his suggestions in opposition to the Board's Motion to Dismiss, Mr. Pointer claimed # 1 and # 3 were both 120–day incarcerations. He claimed neither could be counted as a commitment under section 559.115.7. He asserted he only had two prior commitments, # 2 and # 4.

In its Memorandum, Order & Judgment, the trial court stated:

> Even if the court were to declare that one of [Mr. Pointer's] prior incarcerations is not a commitment for the purposes of calculation of the mandatory minimum prison term under section 558.019.2, RSMo. Cum.Supp.2005, the [Board] is free to calculate petitioner's parole eligibility as authorized by statute based on the facts in the present case. In other words, the granting of the petition only prohibits [the Board] from counting the June 25, 1996 incarceration as a commitment. The petition does not affect the Department's counting or not counting other incarcerations as commitments.

The court determined that "[t]he June 25, 1996, incarceration was for a 120 day commitment under § 559.115, RSMo. and such an incarceration no longer counts as a commitment under § 559.115.7, RSMo. Cum.Supp.2005."[7] Thus, the court deter-

---

**5.** Sequence 5 is a drug offense under Chapter 195 and has no mandatory minimum prison term. § 558.019.2.

**6.** Mr. Pointer's incarcerations are referred to in this manner for convenience. Throughout the pleadings and judgment, there is a wide disparity with respect to how each incarceration is labeled. The incarcerations are inconsistently referred to by Cause No., offense, sentence length, offense date, sentence date, or date Mr. Pointer was received by the Department of Corrections.

As to # 4, the Board refers to the "fourth commitment" having "occurred on October 28, 1996." In his suggestions in opposition to the Board's motion, Mr. Pointer also references an October 28, 1996, incarceration. After thoroughly reviewing the record, it is evident the "fourth commitment" is # 4. The "Comments" section of the FACE SHEET indicates CR195–2144FX was "added" on October 28, 1996. CR195–2144FX is # 4.

**7.** The trial court further stated in its Memorandum, Order & Judgment that "[t]he April 25, 1996, incarceration does not constitute a commitment under § 558.019.2 and § 559.115.7, RSMo." A thorough review of the record reveals this is a typographical er-

mined that # 3 did not count as a commitment under section 559.115.7.

Mr. Pointer is currently serving # 5. All parties are in agreement that # 2 and # 4 are prior commitments. The incarcerations at issue are # 1 and # 3. Mr. Pointer's Petition for Declaratory Judgment did not identify # 1 and requested the court to declare that # 3 could not be counted as a commitment because it was a 120–day incarceration. The Board's Motion to Dismiss identified # 1. In his response to the motion, Mr. Pointer acknowledged # 1 was an incarceration, but argued it was an 120–day incarceration and could not be counted as a commitment.

Section 559.115.7 provides that an "offender's *first* incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo." (Emphasis added.) Even if # 1 and # 3 were both 120–day incarcerations, the statute states that only the first 120 day incarceration under section 559.115.7 would not count as a commitment.

Thus, the Board proved and Mr. Pointer acknowledged four prior incarcerations. Section 559.115.7 provides for one incarceration not to be counted as a prior commitment under certain circumstances. It does not provide for more than one incarceration to be excluded. Even if Mr. Pointer were correct, he would have three prior commitments instead of four prior commitments. Under section 558.019.2(3) "the minimum prison term which the offender must serve shall be eighty percent of his or her sentence" if the offender has "three or more previous prison commitments." The percentage does not change if the offender has three as opposed to four prior commitments. The granting of Mr. Pointer's petition would not change his status. Accordingly, the issue raised was moot.

The judgment is reversed, and the case is remanded to the trial court with instructions to enter a new judgment dismissing Mr. Pointer's petition as moot. *See Inman v. Mo. Dep't of Corr.*, 139 S.W.3d 180, 186 (Mo.App. W.D.2004).

### Conclusion

The Petition for Declaratory Judgment was moot and should have been dismissed. The judgment is reversed, and the case is remanded. The trial court is directed to dismiss Mr. Pointer's petition.[8]

All concur.

---

ror. The court intended to reference # 3, the June 25, 1996, incarceration.

**8.** Given the disposition of Point I, the Board's second point need not be discussed. It will be addressed briefly, however, so as to call the Board's attention to recent Missouri Supreme Court caselaw.

In its second point, the Board claims the trial court erred in holding that the Board should not count Mr. Pointer's June 25, 1996, incarceration as a commitment. The trial court relied upon a 2003 amendment to section 559.115 directing the Department of Corrections not to count the first 120–day incarceration as a prior commitment in calculating whether a mandatory minimum prison term must be served. The Board claims the amendment was a reduction in the penalty for an offense, and section 1.160 expressly prohibits the retroactive application of a statutory amendment that reduces the penalty for an

offense unless the amendment is purely pro-
cedural or the amendment is to the law creat-
ing the offense. It asserts that Mr. Pointer's
penalty for his offense was reduced by a statu-
tory amendment that was substantive and was
not an amendment to the law creating the
offense.

The Board notes that *Irvin v. Kempker,* 152
S.W.3d 358 (Mo.App. W.D.2004), and *Powell
v. Missouri Department of Corrections,* 152
S.W.3d 363 (Mo.App. W.D.2004), address this
issue and hold that the 2003 amendment to
section 559.115 does have retroactive applica-
tion. It asserts they were wrongly decided.
After the Board filed its brief in this case, the
Missouri Supreme Court addressed this issue.
It stated:

This declaratory judgment action presents
the issue of whether section 559.115.7 ...
can be applied retroactively so as to reduce
the number of previous "prison commit-
ments" attributed to an offender for pur-
poses of determining parole eligibility un-
der section 558.019.2 RSMo (2000)....
[T]his Court holds that section 559.115.7
can be applied retroactively because the
statute is a parole eligibility statute that
does not change the offender's punishment.
*Dudley v. Agniel,* 207 S.W.3d 617, 617–18
(Mo. banc 2006); *see also Jones v. Fife,* 207
S.W.3d 614, 615 (Mo. banc 2006).