STATE ex rel. Jeremiah W.
(Jay) NIXON, Attorney
General, Relator,

v.

The Honorable David RUSSELL,
Respondent.

No. SC 85725.

Supreme Court of Missouri,
En Banc.

March 30, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, pro se.

Deborah Daniels, Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, for Relator.

Michael J. Gunter, Kansas City, for Respondent.

MICHAEL A. WOLFF, Judge.

**Introductory Summary**

Harold Estes pleaded guilty in 1999 and received sentences totaling ten years on ten counts of unlawful merchandising practices, a nonviolent class D felony. A 2003 statute allows an offender convicted of a nonviolent class C or D felony, who has no prior prison commitments, to petition the sentencing court—after the offender has served 120 days—to serve the remainder of the sentence on "probation, parole, or other court-approved alternative sentence." Section 558.016.8, RSMo Supp. 2003.

The question presented here is whether this 2003 statute applies to offenders sentenced prior to June 27, 2003, the effective date of section 558.016.8.

The respondent judge, who had sentenced Estes in 1999, received Estes' petition invoking the new provision in September 2003.[1] The statute requires the department of corrections to file a report with the sentencing judge. When no report was provided, the judge, on November 7, 2003, ordered Estes released upon parole for the duration of his sentence, effective December 10, 2003. After a motion by the state for reconsideration, the judge entered a new order on December 10, 2003, ordering that Estes be placed on "judicial parole" as of December 12, 2003. The attorney general, as relator, sought a writ of prohibition in this Court. This Court issued its preliminary writ.[2] This Court concludes that, by its plain language, section 558.016.8 applies to Estes because the statute applies to any nonviolent class C or D felony offender who has served more than 120 days in prison and has no prior prison commitments.

The preliminary writ is quashed.

**Facts and Procedural History**

In response to consumer complaints to the attorney general's office, criminal charges were filed alleging that Harold Estes, the defendant in the underlying criminal case, was involved in the marketing and sale of vending machines in which he advertised a guaranteed income of up to $60,000 per year. Estes presented consumers with false profit projections and promised he would refund a consumer's investment if the consumer did not make a profit within one year. He did not honor these promises, but instead purported to be "going out of business," only to begin a similar business using a different name. After Estes pleaded guilty to ten counts of unlawful merchandising practices pursuant to section 407.020,[3] the judge sentenced

---

1.  Estes' *pro se* filing was entitled, "Motion for Reduction of Sentence, or Alternative Sentencing." The sentencing court and this Court treat it as a petition under section 558.016.8.

2.  This Court has jurisdiction to determine original writs under Mo. Const. art. V, sec. 4.

3.  All statutory citations are to RSMo 2000 unless otherwise indicated. References to section 558.016.8 throughout the opinion are to RSMo Supp.2003.

him on January 15, 1999, to five years in prison on each count. By a combination of consecutive and concurrent sentences, the total length of Estes' sentences was ten years. Estes did not take an appeal or file a post-conviction motion.

Section 558.016.8, which took effect June 27, 2003, provides that an offender who has been convicted of a nonviolent class C or class D felony with no prior prison commitments, "after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved sentence." Upon the filing of the offender's petition, the department of corrections "shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the defendant be released or remain in custody." When the department's report is "favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate."[4]

After Estes filed his petition under the statute, the judge requested a report from the department of corrections. No report was provided. On November 7, 2003, the

judge ordered the department of corrections to release Estes on December 10, 2003, on "administrative parole" pursuant to section 558.016.8.

In a motion to reconsider filed November 24, 2003, the state asked the judge to set aside the previous order on the grounds that the statute should not be applied "retroactively" to offenders sentenced prior to June 27, 2003, the effective date of the statute. The assistant attorney general representing the state also indicated to the sentencing court that a report would be provided on or about November 26. The record does not reflect whether a report was provided at that time. At oral argument in this Court, the state said the report may have been provided in December, but it was not part of the record in this Court when the state sought its writ. The state filed a copy of the report—dated November 24, 2003—in this Court on March 11, 2004, the date of oral argument. The parties agree that, aside from the state's contention that section 558.016.8 does not apply to this case, the report is favorable to release of Estes on probation, parole or other alternative sentence.

The judge overruled the state's motion to reconsider on December 10, 2003, and amended his November 7 order to say that

**4.** Section 558.016.8, RSMo Supp.2003 states in its entirety:

An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted unless the court deems it necessary. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and

shall recommend whether the offender be released or remain in custody. If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate. Any placement of an offender pursuant to section 559.115, RSMo, shall be excluded from the provisions of this subsection.

Section 558.016, RSMo 2000, was repealed in 2003. The text of the new section 558.016 was included in Senate Bill 5, passed in the first regular session of the 92nd General Assembly, signed by the governor on June 27, 2003, and effective as of that date.

Estes was to be "released on judicial parole, supervised by the ... (board) of Probation and Parole, said supervision to be in Clay county under this Court's authority." The trial court then ordered that the release be delayed to December 12, 2003.

The state filed a motion for emergency stay in this Court on December 11, 2003, as well as a petition for writ of prohibition.[5] This Court overruled the motion for emergency stay, but subsequently issued a preliminary writ of prohibition. This Court's preliminary order prohibited the judge from entering any further orders in the underlying criminal case "other than issuing a writ of mandamus to the Missouri Department of Corrections ordering the Missouri Department of Corrections to deliver a report to you in compliance with section 558.016.8 ...".

**Estes' Mootness Argument**

■ The judge, represented in this proceeding by Estes' counsel, suggests that the controversy is now moot because Estes is out of prison and on parole. That contention has no merit. Estes is still under sentence, even though he is out of prison and serving the remainder of his sentences on "judicial parole." If the judge's order granting him release from prison is invalid, there does not appear to be any liberty interest violated by an order restoring him to custody in prison. *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 135 (Mo.

banc 1995). *See also, Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Accordingly, there is a live controversy as to the validity of the judge's order.

**Section 558.016.8   Applies to Estes**

■ The state contends that, once Estes' conviction became final in 1999, the circuit court "lost jurisdiction" to alter the sentence. In the context of sentencing, the term "jurisdiction" means nothing more than the authority of the court to act. The real issue is whether the new statute applies to offenders already sentenced before the effective date of the act.

The state argues that the statute cannot be applied "retroactively" and says that application of section 558.016.8 would violate another statute, section 1.160, which applies to retroactive applications of substantive laws governing offenses.[6] In Estes' case, however, application of section 558.016.8 does not shorten his sentence, nor does it alter the law creating the offense. Section 558.016.8 is a new statutory provision; it does not repeal or amend any previously existing statute. *See State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 518 (Mo. banc 2001).

■ The granting of parole does not reduce the sentence imposed. *McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972). Sec-

---

**5.** The attorney general filed a petition for writ of prohibition in the Court of Appeals, Western District, on December 5 and the petition was denied December 8, 2003.

**6.** Section 1.160 provides:
No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures

shall be had, in all respects, as if the provision had not been repealed or amended, except:
(1) That all such proceedings shall be conducted according to existing procedural laws; and
(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

tion 558.016.8 does not shorten Estes' sentence; its application may, however, change the location or circumstances under which the sentence is served. The principle applied here is similar to that in *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133. The offender in *Cavallaro* argued that he was entitled to the same statutory provisions for parole consideration as existed at the time of his original sentence. This Court held that new provisions regarding parole did not increase the offender's punishment; thus, they could validly be applied.[7] As long as the new statute does not increase the length of an offender's sentence, the changes it makes are a fit subject for legislation.

In this case, the statute plainly applies to an offender who has been convicted of a nonviolent C or D felony with no prior prison commitments "after" the offender has served 120 days in prison. Estes—who was convicted of the nonviolent class D felony of unlawful merchandising practices, has no prior prison commitments, and has been in prison for more than 120 days—fits that description.

## The Department of Corrections Report and Recommendations

When the offender in prison files a petition, "the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody." Section 558.016.8. The report, which is based upon the offender's conduct in prison and the resources available for alternative punishment, is to guide the sentencing court's discretion. "If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate." This provision is similar to a provision in section 217.362.3 which this Court construed in *State ex rel. Beggs v. Dormire*, 91 S.W.3d 605 (Mo. banc 2002). There the statute said the sentencing court "shall follow the recommendation of the board [of probation and parole] unless the court makes a determination that such a placement [on probation] would be an abuse of discretion." The trial court had rejected the recommendation for probation on the basis of the offender's criminal history prior to his present custody. Denial of probation, this Court held, was an abuse of discretion where there was no evidence from the offender's time in custody that the offender was unfit for probation. 91 S.W.3d at 607.

Section 558.016.8 likewise contemplates that the sentencing judge's discretion is to be based upon the report as to the offender's conduct during incarceration following the initial sentencing and as to the alternatives to imprisonment that are available.

The judge's November 7 order, entered before the judge received the department of corrections report, failed to follow the statute. The report is a necessary precondition to the sentencing court's order because the order must be based on the conduct of the offender in prison as well as the alternatives to prison. Since section 558.016.8 provides that "no hearing shall be conducted unless the court deems it necessary," the report ordinarily is where the sentencing judge will find out about Estes' conduct in prison. The corrections

---

7. Challenges to legislation that would increase sentences are made under the ex post facto clause of the constitution. Mo. Const. art. I, sec. 13. *State ex rel. Cavallaro*, 908 S.W.2d at 136.

report also is to provide the sentencing judge with information about the resources available to manage the offender out of prison under "probation, parole, or other court-approved alternative sentence." The latter may include treatment for addiction, community-based punishments, restorative justice programs, and the appropriate conditions to be imposed upon an order for probation or parole.[8]

■ In this case, the corrections report recommended the following conditions be placed upon Estes when he was paroled: "Intensive Supervision Program, No Drinking, Substance Abuse Program, and No Employment as a Salesman." At the time he entered his order in December for "judicial parole," the judge may not have received the corrections report and may not have been aware of its recommendations. These recommended conditions are not included in his order for judicial parole. The statute, as noted, says: "If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate." The word "recommendations" is plural, so it includes the kinds of conditions of proba-

tion or parole recommended in Estes' case, not just the singular recommendation of probation or parole or other alternative. The omission of these conditions may be error, unless the court found the recommended conditions to be inappropriate. The state, however, seeks no such relief. If the judge did not receive the report prior to entering his order, the state may have contributed to cause the error.

## Validity of "Judicial Parole"

The state seems to question the validity of "judicial parole." The judge's order labels his action "judicial parole" to be supervised in Clay County by division of probation and parole under the court's authority. This label fits the description in Missouri statutes.[9]

Parole, under Missouri statutes, is not exclusively an executive branch function of the board of probation and parole. Parole is defined in section 217.650(4) as "the release of an offender to the community *by the court* or the state board of probation and parole prior to the expiration of his term, subject to conditions imposed *by the court* or the board and to its supervision; . . .". (Emphasis added.) Section 559.221

---

8. Section 217.777, RSMo Supp.2003, for example, directs the department of corrections to administer a "community corrections program to encourage the establishment of local sentencing of offenders . . .". The program established by section 217.777 "shall be designed to implement and operate community-based restorative justice projects, including, but not limited to: preventive or diversionary programs, community-based intensive probation and parole services, community-based treatment centers, day reporting centers, and the operation of facilities for the detention, confinement, care and treatment of adults under the purview of this chapter." Section 217.777.2. The statute describes the sentencing alternatives program, but the statute does not have information on the availability of such programs in a particular circuit. Other sentencing alternatives mentioned in statutes

include work programs, work release, home-based incarceration, and probation and parole options that include a variety of methods of supervision. Section 558.019.6(4).

9. The other term "probation" is generally considered to be a sentence that involves release "by the court without imprisonment, subject to conditions imposed by the court and subject to the supervision of the board [of probation and parole]." Section 217.010, RSMo Supp.2003. The same definition appears in section 217.650(7). Some probation, however, may follow a period of imprisonment, e.g., probation following 120 days of incarceration under section 559.115, RSMo Supp.2003, Missouri's "shock" probation provision.

says that the courts and the board of probation and parole "shall have and exercise concurrent powers of probation and parole." [10] Thus, Estes can be granted parole by the board of probation and parole, as an executive function under its statutory authority, or by the sentencing court as authorized by section 558.016.8. The statutory authority is concurrent. There is no conflict. The sentencing court's order of "judicial parole" under section 558.016.8 is valid.

The preliminary writ of prohibition is quashed.

All concur.

---

**10.** The term "judicial parole" in section 559.100 was construed by this Court in *State v. Hicks*, 376 S.W.2d 160 (Mo.1964), to cover only cases where the incarceration was in the county jail. Because section 558.016.8 authorizes judicial parole in felony cases, *State v. Hicks* does not apply. For the same reason, *Duly v. Heflin*, 873 S.W.2d 932 (Mo.App. 1994), which applies *Hicks*, also should not be followed with respect to section 558.016.8.