**Frank JONES, Appellant,**

v.

**G. FIFE, Records Officer III, Northeast Correctional Center, Respondent.**

**No. SC 87778.**

Supreme Court of Missouri, En Banc.

Dec. 5, 2006.

Michael T. George, James J. Wieczorek, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Assistant Atty. Gen., Jefferson City, for Respondent.

RICHARD B. TEITELMAN, Judge.

This declaratory judgment action presents the issue of whether section 559.115.7, RSMo (Cum.Supp.2004),[1] and section 217.362.5 can be applied retroactively so as to reduce the number of previous "prison commitments" attributed to an offender for purposes of determining parole eligibility under section 558.019.2 RSMo (2000). The circuit court held that the statutes cannot be applied retroactively. Following the rationale of *State ex rel. Nixon v. Russell* 129 S.W.3d 867 (Mo. banc 2004), this Court holds that sections 559.115.7 and 217.362.5 can be applied retroactively because both statutes regulate parole eligibility and do not reduce the offender's punishment. The judgment is reversed.

## FACTS

On November 14, 2001, Frank Jones was convicted on felony theft charges and was sentenced as a prior and persistent offender to eleven years imprisonment. The Missouri Department of Corrections (DOC) informed Jones that pursuant to Section 558.019.2(3) RSMo (2000), he would be required to serve eighty percent of his sentence before being eligible for parole because he had four previous prison commitments. The DOC determined that Jones' 1994 conviction for receiving stolen property, for which Jones was sentenced to a 120–day program pursuant to Section 559.115 RSMo (1990), constituted a previous prison commitment. The DOC also determined that Jones' 1996 sentence to the long term drug treatment program in section 217.362 constituted a previous prison commitment.

In 2003, section 559.115 was amended to include section 559.115.7, which provides that an offender's first incarceration in the 120–day program does not constitute a previous prison commitment for purposes

---

1. All statutory references are to RSMo (Supp. 2004) unless otherwise indicated.

of determining minimum prison terms under section 558.019. Similarly, section 217.362 was also amended to include section 217.362.5, which provides that an offender's first incarceration in the long term drug treatment program does not constitute a previous prison commitment for purposes of determining minimum prison terms. Jones filed a petition for declaratory judgment asserting that the DOC miscalculated the number of previous prison commitments he had by counting the 1994 and 1996 sentences as previous prison commitments and that he should not be required to serve a mandatory-minimum prison sentence of eighty percent of his sentence before being eligible for parole. The circuit court sustained the DOC motion for summary judgment, reasoning that that section 559.115.7 and section 217.362.5 would reduce Jones' punishment and, therefore, could not be applied retroactively. Jones appeals.

### ANALYSIS

■ The parties do not dispute the facts of this case; the issue is purely a legal one. Because only a legal issue is at stake, this Court reviews the trial court's judgment de novo. *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535 (Mo. banc 1996).

■ The DOC argues that retroactive application of sections 559.115.7 and 217.362.5 is prohibited by section 1.160

RSMo (2000). Section 1.160 bars the retroactive application of substantive laws governing offenses.[2] In *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), this Court held that section 558.016.8,[3] a new parole eligibility statute enacted simultaneously with the statutes at issue in this case, could be applied retroactively to an offender who was sentenced prior to the effective date of the statute. As in this case, the State argued that retroactive application of the statute was prohibited by section 1.160. This Court rejected the State's argument because "[t]he granting of parole does not reduce the sentence imposed," but "may, however, change the location or circumstances under which the sentence is served." *Id.* Because the parole eligibility provisions of 558.016.8 did not repeal or amend any previously existing statute and did not shorten the defendant's sentence, section 1.160 did not bar the retroactive application of the statute. *Id.* at 871.

The rationale of the *Russell* case applies to this case. The parole eligibility provisions of section 559.115.7 and section 217.362.5 do not alter a substantive law governing Jones' offense or shorten his sentence. Instead, retroactive application of the statutes would only result in a potential change of the location or circumstances under which Jones serves the remainder of his sentence. Therefore, section

---

**2.** Section 1.160 provides that:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

**3.** The statute provides that an offender convicted of a nonviolent class C or D felony with no prior prison commitments may, after serving 120 days of his or her sentence, petition the court to serve the remainder of the sentence on probation, parole, or other court approved alternative sentence.

1.160 does not bar retroactive application of the parole eligibility provisions of section 559.115.7 or section 217.362.5.[4]

WOLFF, C.J., LAURA DENVIR STITH, PRICE, LIMBAUGH and MARY RHODES RUSSELL, JJ., and BLACKMAR, Sr.J., concur.

WHITE, J., not participating.

---

**4.** The State also relies upon *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988), to support its argument that section 559.115.7 and section 217.362.5 cannot be applied retroactively. In *Lawhorn,* this Court held that retroactive application of a new law mandating longer prison terms violated the prohibition on *ex post facto* laws found in article I, section 10 of the United States Constitution and article I, section 13 of the Missouri Constitution. The new statute was an *ex post facto* violation because it clearly disadvantaged the offender. *Id.* at 826. In contrast, the amended statutes at issue in this case do not alter Jones' substantive rights in a manner that disadvantages him. *Lawhorn* is not applicable.

