

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **GARY L. MITCHELL,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD81049** |
| | ) | |
| **v.** | ) | **OPINION FILED:  January 8, 2019** |
| | ) | |
| **KENNY JONES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Cynthia L. Martin, Judge and
Anthony Rex Gabbert, Judge

Gary L. Mitchell ("Mitchell") appeals from the trial court's judgment dismissing his

petition for declaratory judgment and entering judgment in favor of Kenny Jones

("Respondent"), the chairman of the Missouri Board of Probation and Parole.  Mitchell

argues on appeal that the trial court erred in dismissing his petition and in entering

judgment in favor of the Respondent because the General Assembly's repeal of the prior

drug offender statute on January 1, 2017, applies retroactively to Mitchell, allowing him to

be considered for parole immediately.  Finding no error, we affirm.  However, we order transfer of this matter to the Missouri Supreme Court pursuant to Rule 83.02.

## Background

In July 2013, a jury found Mitchell guilty of trafficking in the second degree in violation of section 195.223.3(2), RSMo Supp. 2009,[1] for his November 2009 possession of twenty-four or more grams of a mixture or substance containing a cocaine base.  The trial court found that Mitchell was a prior drug offender pursuant to section 195.275.1(1), RSMo 2000.[2]  As a result, pursuant to section 195.295.3, RSMo 2000, the trial court was required to sentence Mitchell "to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole."  Mitchell received a sentence of fifteen years' imprisonment without probation or parole.

In 2014, the General Assembly passed Senate Bill 491, which became effective on January 1, 2017.  Senate Bill 491 overhauled Missouri's Criminal Code.  Relevant to this case, the statutory revisions made by Senate Bill 491 included the transfer of section 195.223 (defining second-degree trafficking) to section 579.068; the transfer of section 195.275 (defining and prescribing the felony classification for prior and persistent drug offenders) to section 579.170; and the repeal of section 195.295 (prescribing the authorized term of imprisonment for a second-degree trafficker found to be a prior or persistent drug

---

[1]At issue in this appeal is the General Assembly's 2017 amendments to the criminal code.  Resolution of Mitchell's point on appeal requires discussion of several statutory provisions, in effect at differing dates.  Thus, for clarity's sake, we will indicate which version of each statutory provision to which we refer in the first instance.

[2]In 2009, a "prior drug offender" was defined as a person "who has previously pleaded guilty to or has been found guilty of any felony offense of the laws of this state, or of the United States, or any other state, territory or district relating to controlled substances."  Section 195.275.1(1).

2

offender). As a result, the requirement that prior or persistent drug offenders convicted of trafficking in the second degree be sentenced to the authorized term of imprisonment for a class A felony without probation or parole was repealed. The repeal of section 195.295 took effect on January 1, 2017.

Mitchell filed a *pro se* petition for declaratory judgment ("Petition") against the Respondent on May 11, 2017. The Petition asserted that the General Assembly's repeal of section 195.295 in its entirety should be applied retroactively to Mitchell so that he should be deemed eligible for parole on his fifteen-year sentence. Mitchell's petition asked the trial court to "[d]eclare his right to a 'PAROLE HEARING' on his 2nd degree trafficking offense after serving 25% of his 15 year sentence per to 14 CSR 80-2.010(1)(B)."[3] The Respondent filed a motion to dismiss ("Motion to Dismiss"), arguing that Senate Bill 491's repeal of section 195.295 does not apply retroactively to eliminate Mitchell's ineligibility for parole because, pursuant to section 1.160, RSMo 2016, a change in punishment does not apply retroactively. Thus, the Motion to Dismiss asserted that Mitchell's Petition failed to allege facts that entitle him to relief.

On August 14, 2017, the trial court entered a memorandum, order and judgment ("Judgment") granting the Motion to Dismiss and entering judgment in favor of the Respondent. The Judgment concluded that the repeal of section 195.295 constituted a change in punishment so that section 1.160 prohibits the retroactive application of the

---

[3]The Petition's reference to 14 CSR 80-2.010(1)(B) is incorrect, as that provision sets forth parole eligibility for offenders convicted of class C drug and non-violent C felony offenses. Mitchell was sentenced to a class A felony offense. Under 14 CSR 80-2.010(1)(C), "[o]ffenders convicted of class A drug . . . felony offenses . . . are eligible for release after twenty-five percent (25%) of the maximum sentence has been served, except where state statute would require more time to be served."

3

statute's repeal. Thus, the Judgment concluded that the Petition failed to allege facts that entitle Mitchell to relief.

Mitchell appeals.

## Standard of Review

The trial court's grant of a motion to dismiss is reviewed *de novo*. *Williston v. Vasterling*, 536 S.W.3d 321, 330 (Mo. App. W.D. 2017). A motion that seeks dismissal of a petition based on its failure to state a claim on which relief can be granted "'is solely a test of the adequacy of a plaintiff's petition.'" *Id.* (quoting *Smith v. Humane Soc'y*, 519 S.W.3d 789, 797 (Mo. banc 2017)). "In determining whether a motion to dismiss should have been granted, the appellate court reviews the petition 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011) (quoting *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)).

## Analysis

In Mitchell's single point on appeal, he argues that the trial court erred in granting the Motion to Dismiss and in entering judgment in favor of the Respondent because the General Assembly's repeal of section 195.295[4] applies retroactively to Mitchell. Mitchell claims that Senate Bill 491's repeal of the statute did not alter the law governing the offense

---

[4]Mitchell erroneously refers to section 195.295 in his point on appeal as section 217.295. Because Mitchell correctly identifies the statute throughout the argument portion of his brief, we have elected to view Mitchell's reference to the incorrect statute as inadvertent error and have elected to refer to section 195.295 when discussing Mitchell's point on appeal.

4

for which he was convicted and did not change his sentence. Thus, Mitchell claims that section 1.160 does not prohibit the retroactive application of the repeal of section 195.295.

When Mitchell committed the crime of trafficking in the second degree in violation of section 195.223.3(2), he was charged as and found to be a prior drug offender pursuant to section 195.275.1(1) so that the range of authorized punishment described in section 195.295.3 was triggered. Section 195.295.3 provided:

> Any person who has pleaded guilty to or has been found guilty of a violation of . . . subdivision (2) of subsection 3 of section 195.223, . . . ***shall be sentenced to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole***, if the court finds the defendant is a prior drug offender.

(Emphasis added.) The trial court followed section 195.295.3's mandate, sentencing Mitchell to fifteen years without probation or parole. The question posed by Mitchell's appeal is whether section 1.160 prohibits retroactive application of the repeal of section 195.295 to his sentence so as to render him eligible for parole.[5]

Section 1.160 provides:

> ***No offense committed and no fine, penalty or forfeiture incurred***, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, ***shall be affected by the repeal or amendment***, ***but the*** trial and ***punishment of all such offenses***, and the recovery of the fines, penalties or forfeitures ***shall be had, in all respects, as if the provision had not been repealed or amended***, except that all such proceedings shall be conducted according to existing procedural laws.

(Emphasis added.) "[Section] 1.160 is designed to have sort of an '*ex post facto*' effect in behalf of the state, protecting the state against claims that the offender is entitled to the

---

[5]Section 195.223.3(2) would otherwise have required the sentencing court to sentence Mitchell within the authorized range of punishment for a class A felony. Mitchell's determined status as a prior drug offender required that sentence to be served without probation or parole. Section 195.295.3.

5

benefit of any changes in the law after the date of the offense." *Prapotnik v. Crowe*, 55 S.W.3d 914, 918 (Mo. App. W.D. 2001). The statute's "purpose was to fix the penalties under the criminal statutes as of the date the offense was committed, so that as a general rule, even if a statute dealing with sentencing, imprisonment, or probation is subsequently amended, the offender does not receive the benefit of the amendment." *Id.*

Here, the statute that was repealed, section 195.295, fixed the penalty for a prior offender convicted of second-degree trafficking pursuant to section 195.223.3(2) as of the date the offense was committed, and required imposition of a sentence within the range authorized for a class A felony without probation or parole. By the plain and unambiguous terms of section 1.160, the repeal of section 195.295 cannot be retroactively applied because to do so would affect a penalty or punishment imposed prior to the repeal. Our analysis need proceed no further than this plain reading of section 1.160.

Mitchell disagrees and asserts that *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), requires us to conclude to the contrary because the repeal of section 195.295 did not affect the "penalty" or "punishment" imposed for his recidivist drug offense. Instead, according to Mitchell, because the repeal of section 195.295 merely repealed a recidivist offender's ineligibility for probation or parole, *Russell* holds that section 1.160 is not implicated. We do not agree with Mitchell's reading of *Russell*.

In *Russell*, a new statute, section 558.016.8, RSMo Supp. 2003, was enacted which allowed offenders convicted of nonviolent class C or D felonies with no prior prison commitments to petition the trial court to serve the remainder of the sentence on probation, parole, or other court-approved sentence. 129 S.W.3d at 870. The issue was whether

6

section 1.160 prohibited the new statute from being applied retroactively to benefit offenders sentenced before the new statute's effective date. *Id.* *Russell* noted that "section 1.160 . . . applies to retroactive applications of substantive laws governing offenses." *Id.* *Russell* concluded that the new statute could be applied retroactively notwithstanding section 1.160 because "application of section 558.016.8 [would] not shorten [the offender's] sentence, nor does it alter the law creating the offense" as it is "a new statutory provision [that] does not repeal or amend any previously existing statute." *Id.* (citing *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518 (Mo. banc 2001)). With respect to the first aspect of this holding, that is, *Russell's* reference to whether the new statute shortened the offender's sentence, the Supreme Court observed that "[t]he granting of parole does not reduce the sentence imposed." *Id.* Instead, application of the statute merely "change[d] the location or circumstances under which the sentence is served." *Id.* at 870-71.

Mitchell reads this part of *Russell*'s holding to require retroactive application of ***any*** repealed or amended statute eliminating probation or parole ineligibility, or creating probation or parole eligibility where it did not previously exist. Mitchell's argument ignores *Russell's* corollary holding that statutes "alter[ing] the law creating the offense" cannot be retroactively applied, even if they address parole eligibility. *Id.* at 870. Plainly, in Mitchell's case, the "law" creating his offense (the commission of second-degree trafficking by a prior offender) and defining the required punishment for his offense is the collective reading of sections 195.223.3(2), 195.275.1(1), and 195.295.3. The punishment imposed for Mitchell's offense was mandated by statute--a term of years within that authorized for a class A felony to be served without eligibility for probation or parole.

7

Parole ineligibility was thus a factor in the imposition of sentence within the range authorized for a class A felony. We held exactly that in *Fields v. Missouri Board of Probation & Parole*, where we found that if "the statute defining the offense precludes parole eligibility for a mandatory period of time, 'it is implicit in the terms of the sentence' and, thus, affects the prosecution." 559 S.W.3d 12, 19 (Mo. App. W.D. 2018) (quoting *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 658 (1974)).

> [B]ecause it [cannot] be seriously argued that sentencing decisions are made without regard to the period of time a defendant must spend in prison before becoming eligible for parole, or that such decisions would not be drastically affected by a substantial change in the proportion of the sentence required to be served before becoming eligible, parole eligibility can be properly viewed as being determined--and deliberately so--by the sentence of the [trial] judge.

*Warden, Lewisburg Penitentiary,* 417 U.S. at 658.

We thus read *Russell* as limited to the scenario where a "new" statute creates parole eligibility without repealing or amending the substantive law governing an offense.[6] This reading of *Russell* is wholly consistent with *Jones v. Fife*, 207 S.W.3d 614 (Mo. banc 2006), and *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006). In both cases, our Supreme Court discussed the rationale of *Russell*, and concluded that section 1.160 will not bar retroactive application of a parole eligibility statute *if* "the parole eligibility provision[] . .

---

[6]Section 1.160, RSMo 2000, in effect at the time *Russell* was decided in 2005 included subsection (2), which excepted from the prohibition against retroactive application of substantive laws governing offenses repealed or amended statutes where "the penalty or punishment for any offense is *reduced or lessened by any alteration of the law creating the offense* prior to original sentencing." (Emphasis added.) Though by its terms, section 1.160(2) is limited in its application to amendatory laws taking effect "prior to original sentencing," and though that was plainly not the scenario in *Russell*, it is both curious and noteworthy that *Russell*'s analysis about the retroactive application of a new parole eligibility statute drew from language in then section 1.160(2), and cited with approval *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518 (Mo. banc 2001), a case which applied section 1.160(2). *Russell*, 129 S.W.3d at 870-71. It is not lost on this court that in 2006, the General Assembly amended section 1.160 to remove subsection (2). Section 1.160 in effect today does not include the phrase "reduced or lessened by any alteration of the law creating the offense."

. [does] not alter a substantive law governing [the offender's] offense *or* shorten his sentence." *Jones*, 207 S.W.3d at 616; *Dudley*, 207 S.W.3d at 619 (emphasis added).

Thus, it is not enough to argue, as Mitchell does, that a new or repealed statute eliminating parole ineligibility or creating parole eligibility must be retroactively applied simply because parole does not shorten a sentence. Instead, to overcome the bar of section 1.160, a statute addressing parole eligibility must also be demonstrated not to "repeal or amend any previously existing statute" that is a part of the substantive law governing an offense. *Jones*, 207 S.W.3d at 616; *Dudley*, 207 S.W.3d at 619.

We reached the same conclusion under similar circumstances in *Fields*. *Fields* addressed whether Senate Bill 491's repeal of a statute that had required a mandatory minimum of 85 percent of a sentence to be served before parole eligibility affected the prosecution, penalty, or punishment of an offense for purposes of section 1.160. 559 S.W.3d at 15-17. In *Fields*, the appellant, who had been convicted of first-degree involuntary manslaughter, asserted that repeal of the subsection of the statute that mandated serving a minimum prison term of 85 percent should be retroactively applied to his sentence to render him eligible for parole. *Id.* at 15. This court applied the framework outlined in *Russell*. *Id.* at 17. Using that framework, *Fields* observed that the appellant was seeking "to take advantage of the [General Assembly's] decision to *repeal* an existing provision," which automatically cautions against retroactive application of the repeal. *Id.* at 18. *Fields* then addressed whether the former statutory mandate for service of 85 percent of a prison term before becoming eligible for parole affected the penalty or punishment of first-degree involuntary manslaughter as it existed at the time of the appellant's offense.

9

*Id. Fields* recognized that "[n]umerous decisions indicate that a mandatory-minimum-prison-term provision located within the statute defining the offense that bars parole eligibility for a definite period of time--like the one at issue [in *Fields*]--is part of the penalty or punishment for that offense." *Id.* (citing *State v. Pribble*, 285 S.W.3d 310, 314 (Mo. banc 2009); *McDermott v. Mo. Bd. of Prob. & Parole*, 61 S.W.3d 246, 248 (Mo. banc 2001); *Short v. Mo. Bd. of Prob. & Parole*, 456 S.W.3d 72, 78 (Mo. App. W.D. 2015)). *Fields* concluded that when parole eligibility for a mandatory period of time is precluded by the statute defining the offense, sentencing decisions are likely made with those parole eligibility restrictions in mind. *Id.* at 19. As such, *Fields* concluded that "because [the appellant's] claim [was] premised upon an amended statute that repealed a provision dealing with punishment for his offense, it falls squarely within the scope of [section] 1.160's bar on retroactive application." *Id.*

*Russell* (properly read) and *Fields* are instructive and controlling.[7] Mitchell urges that the repeal of section 195.295 should be retroactively applied to make him eligible for parole when he was not at the time of his sentencing. However, the repeal of 195.295 falls within the scope of section 1.160's bar on retroactive application because the repealed

---

[7]*Fields*'s discussion of *Russell* afforded an alternative basis for our holding. In *Fields*, the offense of which Fields was convicted, section 565.024.1(3) RSMo Supp. 2008, defined involuntary manslaughter in the first degree by driving a motor vehicle in an intoxicated condition. 559 S.W.3d at 16. That offense was eliminated all together by Senate Bill 491 in lieu of adoption of a version of section 565.024, RSMo Supp. 2017 that combines several specific first-degree involuntary manslaughter statutes into a single offense criminalizing recklessly causing the death of another. *Id*. In doing so, the General Assembly altered the elements of the offense of which Fields had been convicted by, among other things, imposing a higher culpable mental element, and reclassified the offense as a class C felony instead of a class B felony. *Id.* at 16-17. We therefore questioned *Fields*'s retroactive application argument, as the offense to which Fields pleaded guilty no longer exists, appearing plainly to implicate section 1.160's bar against retroactive application of "repealed" statutes altering substantive offenses. *Id.* at 17. Stated another way, even if *Fields's* analysis of *Russell* is incorrect (which we do not believe it to be), the outcome in *Fields* would have been the same.

statute was a part of the substantive law governing Mitchell's offense. Section 195.295 described the authorized term of imprisonment to be imposed for a person found to be a prior drug offender and convicted of one of the specifically enumerated offenses therein described, and required the sentence imposed within that authorized range to be served without eligibility for probation or parole. Although the sentencing enhancement provision in section 195.295 was not located within section 195.223.3(2) (the statute which described the elements of the offense of trafficking in the second degree), because section 195.223.3(2) is expressly referenced in section 195.295, that statute defines the offense of trafficking in the second degree, and the required punishment for same, when the accused is determined to be a prior drug offender.

The trial court did not err in granting the Motion to Dismiss and entering judgment in favor of the Respondent. Mitchell's point on appeal is denied.

## Conclusion

The Judgment is affirmed. However, we are mindful that the issue presented in this case is of general interest and importance, and is one that is likely to repeatedly recur given Senate Bill 491's overhaul of the criminal code. We therefore exercise our discretion pursuant to Rule 83.02 to order transfer of this case to the Missouri Supreme Court.[8]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[8]We are concurrently ordering transfer of *Woods v. Missouri Department of Corrections*, No. WD81266 (Mo. App. W.D. January 8, 2019), a case which also addresses the retroactive application of the repeal of section 195.295. Ironically, the same trial judge entered judgment in *Woods* and in the instant case, though the judgments reached opposite and thus inconsistent conclusions about the retroactive application of repeal of section 195.295.

11