

# In the
# Missouri Court of Appeals
# Western District

|  |  |
|---|---|
| **KEVIN E. RILEY,** | **WD81743** |
| **Respondent,** | **OPINION FILED:** |
| v. | **April 28, 2020** |
| **MISSOURI DEPARTMENT OF CORRECTIONS,** |  |
| **Appellant.** |  |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel Richard Green, Judge**

**Before Division Four:**
**Karen King Mitchell, Chief Judge Presiding,**
**Mark D. Pfeiffer and Thomas N. Chapman, Judges**

The Missouri Department of Corrections (DOC) appeals the judgment of the Circuit Court of Cole County, Missouri, which granted Kevin Riley's (Riley) motion for judgment on the pleadings. In his motion, Riley sought a declaration that he be considered eligible for parole. Riley had been sentenced in 2007 as a prior and persistent drug offender under § 195.291.2, which required his sentence to be served without the possibility of probation and parole. That provision was subsequently repealed. Riley argued that the general assembly's repeal of § 195.291 must be applied retroactively so as to render him immediately parole eligible. The circuit court agreed and the DOC appeals. For the reasons explained herein, we reverse and enter judgment in favor of the DOC.

### Factual and Procedural Background

In February 2004, Riley was charged with the class B felony of manufacturing a controlled substance as defined by § 195.211, RSMo Cum. Supp. 2004.[1] Following a jury trial, he was found guilty in April 2007.[2] Because Riley was found to be a prior and persistent offender, he was required to "be sentenced to the authorized term of imprisonment for a class A felony." § 195.291.2, RSMo 2000.[3] Riley was sentenced to a term of twenty-five years' imprisonment. At the time of his sentencing, § 195.291.2 further provided that a defendant convicted of an offense set out under § 195.211 and found to be a persistent drug offender was required to serve his sentence **_without the possibility of probation or parole_**.

Effective January 1, 2017, Senate Bill 491, revised Missouri's Criminal Code and "became law by virtue of the Missouri Constitution, Article III, § 31."[4] Under the revised criminal code, § 195.211 (defining the offense of manufacturing a controlled substance and prescribing its penalties) was transferred to § 579.055, RSMo. Section 195.291 (requiring Riley to serve his sentence without eligibility for probation or parole) was repealed by operation of Senate Bill 491.

On December 20, 2017, Riley filed a Petition for Declaratory Judgment in the Circuit Court of Cole County, requesting that the circuit court "declare [him] probation and parole eligible[.]" After the DOC filed its Answer, Riley moved for judgment on the pleadings. Riley argued that Senate Bill 491's repeal of § 195.291 should be applied retroactively, rendering him

---

[1] *State v. Riley*, 213 S.W.3d 80, 85 (Mo. App. W.D. 2006).

[2] "[A] defendant is sentenced according to the law in effect at the time the offense was committed[.]" *Wagner v. Bowyer*, 559 S.W.3d 26, 30 (Mo. App. E.D. 2018) (citation omitted).

[3] All references to § 195.291 are to RSMo 2000. All references § 195.211 are to RSMo Cum. Supp. 2004.

[4] *See Fields v. Missouri Bd. of Prob. & Parole*, 559 S.W.3d 12, 14 (Mo. App. W.D. 2018).

eligible for parole. The DOC filed a cross-motion for judgment on the pleadings, arguing that retroactive application of § 195.291's repeal was barred under § 1.160, RSMo 2016.

On April 23, 2017, the circuit court granted Riley's motion for judgment on the pleadings, ruling that "[p]ursuant to *State ex rel Nixon v. Russell*, 129 S.W.3d 867, 879-871 [*sic*] (Mo. banc 2004) and *Irvin v. Kempker*, 152 S.W.3d 358, 361-62 (Mo. App[.] 2004) … Section 195.291 is not applicable to determining parole eligibility and [the DOC] is hereby ordered to apply existing laws concerning [Riley's] parole eligibility." The DOC appealed the circuit court's judgment.

This Court stayed the DOC's appeal pending decisions from the Supreme Court of Missouri in two cases discussing the impact of the general assembly's repeal of parole ineligibility provisions in cases like the one at issue here. *See Mitchell v. Phillips*, No. SC 97631, 2020 WL 547402 (Mo. banc Feb. 4, 2020); *Woods v. Missouri Dep't of Corr.*, No. SC 97633, 2020 WL 548567 (Mo. banc Feb. 4, 2020).[5] *Mitchell* and *Woods* require this Court to reverse the circuit court's judgment and enter judgment in favor of the DOC.

### Discussion

"The trial court's judgment on the pleadings addresses only issues of law. Accordingly, our review is *de novo* and without deference to the trial court's judgment." *State ex rel Koster v. Charter Commc'ns, Inc.*, 461 S.W.3d 851, 854 (Mo. App. W.D. 2015). "A motion for judgment on the pleadings is properly granted if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Hill v. Missouri Dep't of Corr.*, 570 S.W.3d 95, 99 (Mo. App. W.D. 2018).

---

[5] In *Woods*, the Supreme Court entered judgment in favor of the DOC "[f]or the reasons fully set forth in *Mitchell*," without additional analysis. Thus, while both *Woods* and *Mitchell* require this Court to reverse the circuit court's judgment and enter judgment in favor of the DOC, our discussion focuses on *Mitchell* where the Supreme Court's reasoning is fully explained.

Here, Riley was convicted of the class B felony of manufacturing a controlled substance under § 195.211. Riley was found to be a prior and persistent drug offender, and the circuit court was therefore required to sentence him for a class A felony term of imprisonment *without the possibility of probation or parole*. § 195.291.2. Effective January 1, 2017, § 195.211 was transferred to § 579.055 (which now prescribes the felony classifications for the offense of manufacturing a controlled substance); and § 195.291 was repealed. Riley sought a declaration from the circuit court that he must be considered parole eligible because the repeal of the parole ineligibility provision in § 195.291.2 applies retroactively to his sentence.

The DOC argues that retroactive application of § 195.291's repeal is prohibited by § 1.160, RSMo 2016, which provides as follows:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

The Supreme Court explained in *Mitchell* that "[w]hile section 1.160 prohibits the retroactive application of a statute's repeal or amendment under certain circumstances, its scope is limited. It is a general savings statute and serves a narrow purpose." 2020 WL 547402, at *3. Application of § 1.160 is confined to those cases where "a statutory provision is repealed or amended ***before adjudication is complete and direct review exhausted***[.]" *Id*. at *4 (emphasis added). When that is the case, the statute "saves the liability, punishment, and prosecution arising under the repealed provision and continues the statute in force until proceedings commenced thereunder, regardless of their nature, might be completed." *Id*. (citation and internal quotation marks omitted). Section 1.160 "is inapplicable" in cases (like the one we consider here) involving

4

"sentences in final judgments." *Id*. at *5. Regardless of the inapplicability of § 1.160, the repeal of § 195.291 cannot be used to retroactively allow Riley consideration for parole, as parole ineligibility was part of his punishment when sentence was imposed. *Id*. at *3.

In *Mitchell*, the inmate had been found guilty of drug trafficking in the second degree pursuant to § 195.223.3(2), RSMo Supp. 2010. *Id*. at *1.[6] Mitchell was also found to be a prior drug offender. *Id*. Under § 195.295.3, RSMo 2000, the circuit court was required to sentence him "to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole[.]" *Id*. (citation omitted). Following the repeal of § 195.295, Mitchell filed a declaratory judgment action against the chairman of the Missouri board of probation and parole. *Id*. Mitchell sought a determination that he was eligible for parole because the statute that had rendered him ineligible had been repealed. *Id*. The chairman moved to dismiss Mitchell's petition and the circuit court sustained the motion. *Id*.

On appeal, the Supreme Court began by observing that "Mitchell's parole ineligibility was mandated as part of the punishment within the particular statute [§ 195.295.3] designating the permissible penalty for his offense. Therefore, parole ineligibility is part of his sentence." *Id*. at *2. The Court then distinguished several precedents relied upon by Mitchell, including *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004); *Jones v. Fife*, 207 S.W.3d 614 (Mo. banc 2006); and *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006). *Id*. at *2. In those cases, the Court reasoned, "general parole statutes were adopted or amended, ***and the offenders' sentencing statutes lacked restrictions on parole eligibility***." *Id*. (emphasis added). By contrast,

---

[6] *Mitchell* and *Woods* involved the repeal of sentencing statutes pertaining to offenses for drug trafficking. Here, Riley was convicted of manufacturing a controlled substance in violation of § 195.211. Although the type of offense differs from the ones at issue in *Mitchell* and *Woods*, the Missouri Supreme Court's holding with respect to the retroactive application of the repeal of a parole ineligibility provision controls the disposition in this case.

"the statute designating the permissible penalty for Mr. Mitchell's offense expressly mandated his term of imprisonment be served without probation or parole." *Id*. at *3. Because the statute prescribing the penalty for Mitchell's offense specifically stated that his sentence was to be served without parole, parole ineligibility was a part of his punishment and the circuit court was not permitted to change his sentence retroactively. *Id*. at *3, *5.

The Supreme Court's holding controls the outcome in the instant matter. Riley contends that granting him parole eligibility would not change his sentence, but would only result in a potential change in the location or circumstances under which his sentence is served. *See Russell*, 129 S.W.3d at 871. Like the inmate in *Mitchell*, Riley therefore argues that retroactive application of § 195.291's repeal is permissible in this case under the Supreme Court's opinions in *Russell*, *Jones*, and *Dudley*. Riley's reliance on those cases is unavailing for the reasons elucidated by our Supreme Court in *Mitchell*. The statute designating the permissible penalty for Riley's offense mandated that his twenty-five-year prison term be served without the possibility of probation or parole. The sentencing statutes at issue in *Russell*, *Jones*, and *Dudley* contained no such restrictions regarding parole eligibility, rendering those precedents inapposite. Parole ineligibility was a part of Riley's punishment and the circuit court was not authorized to change Riley's sentence retroactively.

Because the parties' disagreement concerns only the legal effect that § 195.291's repeal has on Riley's eligibility for parole, "further proceedings in the circuit court are unnecessary, and, under Rule 84.14, this Court may enter judgment for the [DOC] on its cross-motion for judgment on the pleadings." *Woods*, 2020 WL 548567, at *1.

6

*Conclusion*

The circuit court's judgment is reversed, and judgment is entered in favor of the DOC pursuant to Rule 84.14.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

7