In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

 STATE OF MISSOURI, ) No. ED109264
 )
 Appellant, ) Appeal from the Circuit Court of
 ) Jefferson County
 vs. )
 ) Honorable Victor J. Melenbrink
 JOSEPH E. VAUGHN, )
 )
 Respondent. ) Filed: December 28, 2021

 I. Introduction

 The State of Missouri (“State”) appeals from the circuit court’s order granting the motion

to dismiss criminal charges filed against Joseph E. Vaughn (“Defendant”). On appeal, the State

argues that the circuit court erred in granting Defendant’s motion to dismiss because § 195.2051

“effectively amended” §§ 579.015 and 579.074, the drug and drug paraphernalia possession

statutes the State charged Defendant with violating, therefore § 1.160 should apply to prohibit

retroactive application of § 195.205.

 We affirm.

1
 All references to § 195.205 are to Mo. Rev. Stat. Cum. Supp. 2017. All other statutory references are to Mo. Rev.
Stat. 2016, unless otherwise noted.
 II. Factual and Procedural Background

 On April 1, 2017, police responded to a call about an attempted suicide by drug overdose.

Police found Defendant unconscious, with a syringe sticking out of his sock and eight empty

capsules lying nearby. At least one of the capsules had contained fentanyl, a controlled

substance. On August 28, 2017, Missouri’s “Good Samaritan Law,” § 195.205, went into effect.

The statute states:

 A person who, in good faith, seeks or obtains medical assistance for someone who
 is experiencing a drug or alcohol overdose or other medical emergency or a
 person experiencing a drug or alcohol overdose or other medical emergency who
 seeks medical assistance for himself or herself or is the subject of a good faith
 request shall not be arrested, charged, prosecuted, convicted, or have his or her
 property subject to civil forfeiture or otherwise be penalized for the following if
 the evidence for the arrest, charge, prosecution, conviction, seizure, or penalty
 was gained as a result of seeking or obtaining medical assistance:

 (1) Committing a prohibited act under section 579.015, 579.074, 579.078, or
 579.105; ….

§ 195.205.2 (footnote omitted). It was passed earlier in 2017 as part of S.B. 501, an act “[t]o

repeal sections 191.227, 195.206, 197.040, 197.050, 197.070, 197.071, 197.080, 197.100,

334.010, 334.036, 334.735, 337.010, 337.025, 338.010, and 345.051, RSMo, and to enact in lieu

thereof twenty-four new sections relating to health care, with an effective date for certain

sections.”

 The State filed a complaint and probable cause statement against Defendant on April 5,

2018. The case was later bound over to the circuit court where the State filed an information on

January 6, 2020, charging Defendant with one count of the class D felony of possession of a

controlled substance under § 579.015 and one count of the class D misdemeanor of unlawful

possession of drug paraphernalia under § 579.074.

 2
 Defendant filed a motion to dismiss with prejudice, arguing that § 195.205 prohibits the

State from charging, prosecuting, or convicting him for violating the possession statutes. The

circuit court initially denied Defendant’s motion to dismiss, finding that § 195.205 is a

substantive statute that could not be applied retroactively. Defendant then sought

reconsideration of the decision, to which the circuit court agreed. The circuit court held a

hearing on October 29, 2020, and granted Defendant’s motion to dismiss. In its order, the circuit

court noted that § 195.205 is “highly unusual” and “does not require a retroactivity analysis”

because it “concerns actions that have not yet occurred[ ] and would therefore necessarily take

place after the effective date of § 195.205.” The circuit court concluded that “the particular

language of § 195.205 does not fall within the purview of § 1.160.”

 This appeal follows.2

 III. Standard of Review

 We generally review a circuit court’s decision to grant a motion to dismiss criminal

charges for an abuse of discretion. State v. Hunter, 626 S.W.3d 867, 879 (Mo. App. E.D. 2021),

transfer denied (Aug. 31, 2021). However, when the only issue presented is the legal matter of

statutory interpretation, we review the circuit court’s decision de novo. State v. R.J.G., 632

S.W.3d 359, 364 (Mo. banc 2021).

 IV. Discussion

 “The primary rule of statutory interpretation is to give effect to the legislative intent as

reflected in the plain language of the statute.” State v. Knox, 604 S.W.3d 316, 320 (Mo. banc

2020) (quoting State v. Salazar, 236 S.W.3d 644, 646 (Mo. banc 2007)). We must also consider

2
 When a motion to dismiss criminal charges is granted, and the State “is precluded from maintaining the action in
the forum chosen, it is a final judgment, irrespective of whether it is denominated ‘with prejudice’ or ‘without
prejudice.’” State v. R.J.G., 632 S.W.3d 359, 363 (Mo. banc 2021) (internal quotation marks omitted) (quoting State
v. Smothers, 297 S.W.3d 626, 631 (Mo. App. W.D. 2009)).

 3
the context of a statute and not read any portion of it in isolation. Hunter, 626 S.W.3d at 874. In

addition, the rule of lenity requires us to construe ambiguous criminal statutes strictly against the

State. Knox, 604 S.W.3d at 320. “This rule, however, does not require a reviewing court to

dispense with common sense or to ignore an evident statutory purpose.” Philyow v. State, 554

S.W.3d 567, 570 (Mo. App. E.D. 2018) (quoting State v. Stewart, 113 S.W.3d 245, 249 (Mo.

App. E.D. 2003)).

 The State argues that the circuit court erred in granting Defendant’s motion to dismiss

because § 195.205 “effectively amended” the possession statutes, therefore bringing it within the

scope of § 1.160 and barring retroactive application. Defendant responds that § 195.205 is

simply a new statute, thus § 1.160 does not apply.

 Section 1.160, Missouri’s savings statute, “continues in force repealed laws until

proceedings commenced thereunder, regardless of their nature, might be completed.” Mitchell v.

Phillips, 596 S.W.3d 120, 125 (Mo. banc 2020), reh’g denied (Mar. 31, 2020) (internal quotation

marks omitted) (quoting City of Kirkwood v. Allen, 399 S.W.2d 30, 35 (Mo. banc 1966)).

Without the savings clause, a repealing or amending act would “obliterate[ ]” the prior version of

the law as though it had never existed. Id. However, § 1.160 does not apply to new statutory

provisions:

 In determining whether § 1.160 bars retroactive application of an existing statute,
 courts use a two-prong inquiry. First, we must determine whether the existing
 statute is a new provision or if it repealed or amended a previously existing
 provision. If the existing statute is a new provision, then it is outside the scope of
 § 1.160, and retroactive application is not barred by § 1.160. But, if the existing
 statute repealed or amended a previously existing provision, then we must
 determine whether the repealed or amended provision affects the prosecution,
 penalty, or punishment of the offense at issue. If the repealed or amended
 provision does not affect the prosecution, penalty, or punishment, then it again
 falls outside the scope of § 1.160, and retroactive application is not barred by
 § 1.160. If, on the other hand, the repealed or amended provision does affect the

 4
 prosecution, penalty, or punishment of the offense at issue, then it is within
 § 1.160’s bar on retroactive application and cannot be applied retroactively unless
 it is merely procedural.

Fields v. Missouri Bd. of Prob. & Parole, 559 S.W.3d 12, 17–18 (Mo. App. W.D. 2018)

(emphasis added) (footnotes and citations omitted) (citing State ex rel. Nixon v. Russell, 129

S.W.3d 867, 870–71 (Mo. banc 2004); State v. Sumlin, 820 S.W.2d 487, 490 (Mo. banc 1991);

Prapotnik v. Crowe, 55 S.W.3d 914, 918 (Mo. App. W.D. 2001)). “It is only when a statutory

provision is repealed or amended before adjudication is complete and direct review exhausted

that [§] 1.160 saves the liability, punishment, and prosecution arising under the repealed

provision and continues the statute in force until proceedings commenced thereunder, regardless

of their nature, might be completed.” Mitchell, 596 S.W.3d 120 at 126 (internal quotation marks

omitted). The savings statute’s scope is limited, and its purpose is narrow. Id.

 Although the General Assembly enacted § 195.295 as a new statute (and referred to it as

such), the State nevertheless argues that § 1.160 applies to this case because § 195.205

“effectively amended” the possession statutes. The State primarily relies on the Supreme Court’s

holding in State v. Knapp, 843 S.W.2d 345 (Mo. banc 1992), to support its position that one

statutory provision can substantively amend the content of another. In Knapp, the Supreme

Court held that § 1.2053 substantively amends § 565.024, the involuntary manslaughter statute,

to include an unborn child in the definition of “person.” Id. at 349. But the Supreme Court did

not conduct such an analysis for the purposes of reviewing the statute under § 1.160, and it

stressed the narrowness of its holding. See id. at 347–48 (“Without deciding whether § 1.205

applies to other statutes, we conclude that it applies at least to the involuntary manslaughter

statute.”). Instead, the Supreme Court noted the importance of the General Assembly’s intent:

3
 All statutory references in Knapp are to Mo. Rev. Stat. 1986.

 5
 Reading all subsections of § 1.205 together and considering especially the express
 language of Subsection 2 that “… the laws of this state shall be interpreted and
 construed …,” it is clear that § 1.205 is intended to apply to at least some other
 statutes.… Furthermore, these two statutes, both of which refer to the term
 “persons,” are related—one defines the term “persons” for the other.

Id. at 347 (final alteration added). Basically, § 565.024 could not be understood without the

definition provided by § 1.205, and the General Assembly intended it that way. In this case,

however, § 579.015.1 states that “[a] person commits the offense of possession of a controlled

substance if he or she knowingly possesses a controlled substance, except as authorized by this

chapter or chapter 195,”4 while § 195.205.2 expressly references the possession statutes. But a

plain language reading of § 195.205 does not indicate that the General Assembly intended it to

substantively amend either of the possession statutes. Nothing in § 195.205 authorizes unlawful

possession of controlled substances or drug paraphernalia; rather, the statute bars the State from

arresting, charging, prosecuting, convicting, seizing the property of, or penalizing an individual

if the State obtains its evidence in a particular manner. Cf. State ex rel. Jones v. Nolte, 350 Mo.

271, 285, 165 S.W.2d 632, 638 (1942) (“In the first place, a statute of limitations bars the

remedy but does not destroy the right. It is procedural only.”); State v. Casaretto, 818 S.W.2d

313, 316 (Mo. App. E.D. 1991) (defining a criminal statute of limitations as procedural). That

does not mean that any previously prohibited activities became legal due to the passage of

§ 195.205—possession remains prohibited, just as it was prohibited before. Accordingly, the

plain language of § 195.205 suggests no legislative intent to amend either of the possession

statutes.

 The Supreme Court further highlighted the context of the two statutes in Knapp. “It is …

clear that the legislature intended for § 1.205 to apply to § 565.024, in particular, because both

4
 Section 579.074 does not contain a similar provision.

 6
statutes were passed in the same legislative session, on the same day, and as part of the same act,

H.B. 1596.” 843 S.W.2d at 347. In contrast, the General Assembly enacted § 195.205 as a new

statutory provision that did not repeal or amend any previously existing statute. Cf. Russell, 129

S.W.3d at 870 (“Section 558.016.8 is a new statutory provision; it does not repeal or amend any

previously existing statute.”). Furthermore, the General Assembly did not enact § 195.205 and

the possession statutes on the same day or in the same act. The General Assembly, which is

presumed to operate with “a full awareness and complete knowledge of the present state of the

law,” State v. Rumble, 680 S.W.2d 939, 942 (Mo. banc 1984), chose to enact § 195.205 as an

entirely new statutory provision, rather than as an amendment to any prior-existing provisions.

The General Assembly even referred to the statute as a new statute provision in S.B. 501.

Moreover, “[w]here the legislature amends a statute, it must do so explicitly. Amendments by

implication are not favored.” LeSage v. Dirt Cheap Cigarettes & Beer, Inc., 102 S.W.3d 1, 4

(Mo. banc 2003) (internal quotation marks omitted) (quoting Fisher v. Waste Mgmt. of Missouri,

58 S.W.3d 523, 525 (Mo. banc 2001)). The General Assembly thus gave no indication that it

intended to amend either of the possession statutes for the purposes of § 1.160.

 Ultimately, Knapp stands for the proposition that, while a statute can amend another

statute, the General Assembly must intend for it to do so. See Knapp, 843 S.W.2d at 349

(observing that the purpose of § 1.205 was to substantively amend the involuntary manslaughter

statute). See also State v. Sumlin, 820 S.W.2d 487, 490 (Mo. banc 1991) (noting a legislative

intent to amend in the context of § 1.160). Here, however, there is no evidence that the General

Assembly intended to amend either of the possession statutes when it enacted § 195.205.

 In sum, the “highly unusual” § 195.205 falls outside the scope of § 1.160, and the circuit

court did not err in granting Defendant’s motion to dismiss. The plain language of § 195.205

 7
indicates that the General Assembly wanted to enact it as a new statutory provision, not as one

meant to amend the possession statutes, “effectively” or otherwise. Russell, 129 S.W.3d at 870.

 The State’s point is denied.

 V. Conclusion

 For the reasons mentioned above, we affirm the circuit court’s dismissal of the charges

against Defendant.

 _______________________________
 Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

 8