## STATE vs. MATHEWS.

A person who commits an offence against a statute while in force, under our law, may be indicted and punished for it after the act against which the offence was committed, has been repealed.

## APPEAL from Marion Circuit Court.

LAMB, for the State.

I. A motion to quash is not the proper remedy where the objection is merely to the jurisdiction of the court.   This defence being only available by plea in abatement.

II. The indictment is good upon its face, and therefore it was error to quash.

If the motion to quash was intended to reach the objection that "the statute, upon which the indictment is based, was repealed before the indictment was preferred, then still this objection can avail nothing, for the reason that the common law rule relative to the effect of a penal statute, (on proceedings already commenced) has been modified and entirely changed by statute.   See Rev. Code, 1845, p, 698, secs. 15 & 16.

RYLAND, J., delivered the opinion of the court.

The defendant, George W. Mathews, was indicted for neglect of duty as a road overseer, in the Marion circuit court, at March term, 1849.

The indictment was returned into court by the grand jury on the 14th day of March, 1849.   It charged, that the said defendant was overseer of a certain road district in said county of Marion, on the 25th of February, 1849, and that as such road overseer, he failed and wilfully neglected to keep the road in repair, on the 6th of March, 1849, setting forth formally the duties, and specifying the neglects of the said overseer.

The defendant appeared in court and filed his motion to quash the indictment.   The court sustained the motion, and the circuit attorney excepted, and brings the case to this court by appeal.

By examining the record in this case, I find the following reasons for

the support of the defendant's motion to quash the indictment, were assigned by him.    1st. "Because there is no law to warrant it.    2nd. Because the court has no jurisdiction."    There is no objection taken to the indictment: it was considered as sufficient, and will be thus considered by this court.

The defendant relies upon the statute passed by the last legislature, changing the general road law in the counties of Pike, Marion, Knox, Monroe, Montgomery, Ralls, Lincoln, Lewis, Chariton and Livingston.

This act was to be in force from and after its passage, and was approved March the 9th, 1849, six days previously to the finding of the indictment by the grand jury in this case.

The act begins by declaring 1st section : "All special acts on the subject of roads and highways in the above counties, are hereby repealed." See acts of legislature, 1849, page 606.    This act materially alters the punishment of road overseers.    The act of 1845 puts the fine for neglect of duties at the sum of ten dollars.    No more, nor less.    The act of 1849 changes the court before which the trial of overseers, in the above named counties, is to be had, and also limits the punishment by fine not less than five nor more than one hundred dollars.

The defendant relies upon this last mentioned statute for the support of his motion to quash.    He contends that the general road law of 1845, was repealed by the special road law of 1849, for the above named counties, and that at the time the indictment against him was found, there was no law in force in Marion county authorizing such a proceeding against a road overseer in that county.

And such must have been the opinion of the circuit court.

I will now examine this opinion and see how it stands with the law governing this case.

There is no doubt but that at the common law the repeal of a statute creating an offence, without a saving clause in the repealing act, will deprive the courts of the power to punish for a repealed statute, even should an indictment be pending under such repealed statute at the time of its repeal.    In the case of the Commonwealth vs. Obed Marshall & als., 11 Pickering 350, Chief Justice Shaw says, "It is clear that there can be no legal conviction for an offence, unless the act be contrary to law at the time it is committed ; nor can there be a judgment, unless the law is in force at the time of the indictment and judgment."

If this law ceases to operate by its own limitation or by repeal, at any time before judgment, no judgment can be given.    Hence, it is usual in every repealing law, to make it operate prospectively only, and to

State vs. Matthews.

insert a saving clause, preventing the operation of the repeal, and con-tinuing the repealed law in force as to all pending prosecutions, and of-ten as to all violations of the existing law already committed." See 4 Yeats 492, case of Hatfield township road.

Justice Yeats says, "the rule is perfectly well settled that offences committed against a statute while in force, cannot be punished after the statute is repealed, without a special clause for that purpose in the lat-ter statute." See Miller's case, 1 Blacks Reports 451. See 1 Binney 601 ; 4 Dallas 373.

The case in Binney was an indictment for a libel. The common-wealth vs. Duane. The defendant was convicted for a libel on Gover-nor McKean ; a motion made in arrest of judgment. The motion was taken under advisement, and before the next term of the court the leg-islature passed an act declaring that from and after its passage no per-son shall be subject to a prosecution by indictment in any of the courts of this commonwealth, for the publication of papers examining the pro-ceeding of the legislature or any branch of goverament, or for investi-gating the official conduct of officers or men in a public capacity. In this case the majority of the court, Chief Justice Telghman and Justice Brackenridge, held that there could be no judgment given against the defendant, there being no saving clause in the statute, as to indictments then pending.

I have no doubt of the correctness of the principle above set forth. The legislature should always provide for such by a saving clause. In the special act of 1849, for roads in the above mentioned counties, there is no saving clause ; but there is much uncertainty and ambiguity in this act. It begins by repealing all specific acts on the subject of roads and highways in the above mentioned counties. What is meant by spe-cial acts? Is the act of 1845, for opening and repairing public roads and highways included? · Was it meant to be repealed so far as it operates in the above named counties? If so—what shall we do with the 30th section of the act of 1849, which directs that the grand juries in those counties shall enquire, &c. ; and if any overseer of any district has failed to perform the duties required of him by the act, and the act to which this is amendatory they shall certify, &c. Now which is the act to which this one of 8149 is amendatory? The one of 1845? If so, it is repealed and directed to be in force at the same time by one and the same statute. This statute of 1849, concerning roads and highways in in the eleven counties above named is one of much obscurity. The 31st section declares, "If at any time the county court of any county shall be of opinion that the provisions of this act should not be enforced

they may suspend for any length of time, the operation of the same, and order the roads to be opened and repaired under the provisions of the act to which this is amendatory."

Could the legislature have meant to give the county courts the power to not only suspend a statute but to bring into life, into force and effect a repealed statute, by a simple order on their records?

However this may be, I am relieved from doubt and uncertainty so far as regards this case now before us. If the acts of 1845 the general law concerning roads and highways, be repealed so far as regards Marion county and the ten others ; and that is what the defendant contends for, still it will not benefit him. He is charged with an offence under that act before the act of 1849 repealed it. This offence was charged as complete on the 6th of March, 1849 ; at that time the road law of 1845 was in full force, at all events in Marion county. Now if I take it for granted that the acts of 1849, of the 9th of March, repealed the acts of 1845, and this repealing act had no saving clause as to prosecutions or offences, still there is another and a general statute which steps in and does away with the necessity of inserting a saving clause in any repealing statute. See Digest 1845, chap. 101 ; Revised Statutes, page 688, sec. 15. "No offence committed, and no fine, penalty or forfeiture incurred previous to the time when every statutory provision shall be repealed, shall be affected by such repeal ; but the trial and punishment of all offences, and the recovery of such fines, penalties and forfeitures shall be had in all respects as if the provision had remained in full force."

Sec. 26. No action, plea, prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, &c., &c.

These sections of the statute do away with the necessity of any other saving clause. By the 15th section the offence is rendered still liable to a prosecution. By the 16th section the pending prosecution is preserved from the repealing effect.

In this view of the law governing this case, the court below erred in sustaining the defendant's motion to quash the indictment.

Its judgment is therefore reversed, and this cause is remanded.