Garvis R. DUDLEY, Respondent,

v.

Denis AGNIEL, Chairman, Board of Probation and Parole, and Gary Kempker, Director, Department of Corrections, Appellants.

No. SC 87652.

Supreme Court of Missouri, En Banc.

Dec. 5, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for Appellants.

J. Justin Johnston, Kansas City, for Respondent.

RICHARD B. TEITELMAN, Judge.

This declaratory judgment action presents the issue of whether section 559.115.7, RSMo (Cum.Supp.2004),[1] can be applied

---

**4.** The State also relies upon *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988), to support its argument that section 559.115.7 and section 217.362.5 cannot be applied retroactively. In *Lawhorn,* this Court held that retroactive application of a new law mandating longer prison terms violated the prohibition on *ex post facto* laws found in article I, section 10 of the United States Constitution and article I, section 13 of the Missouri Constitu-tion. The new statute was an *ex post facto* violation because it clearly disadvantaged the offender. *Id.* at 826. In contrast, the amended statutes at issue in this case do not alter Jones' substantive rights in a manner that disadvantages him. *Lawhorn* is not applicable.

**1.** All statutory references are to RSMo (Supp. 2004) unless otherwise indicated.

retroactively so as to reduce the number of previous "prison commitments" attributed to an offender for purposes of determining parole eligibility under section 558.019.2 RSMo (2000). The circuit court held that the statute can be applied retroactively. Following the rationale of *State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004), this Court holds that section 559.115.7 can be applied retroactively because the statute is a parole eligibility statute that does not change the offender's punishment. The judgment is affirmed.

### FACTS

Garvis Dudley pled guilty to one count of second degree assault and, on March 27, 2001, was sentenced to eight years in prison. The Missouri Department of Corrections (DOC) determined that, because Dudley had three previous prison commitments, section 558.019.2 RSMo (2000) required that Dudley serve eighty percent of his sentence before being eligible for parole because he had three previous prison commitments. One of the three prison commitments counted by the DOC was Mr. Dudley's 1999 sentence following a conviction for second degree assault in which he was placed in the 120–day callback program under section 559.115.

In 2003, section 559.115.7 was amended to provide that an offender's first time incarceration in a 120–day callback pro-

gram does not count as a previous prison commitment for purposes of calculating mandatory minimum prison terms under section 558.019.2 RSMo (2000). In October 2003, Dudley filed a *pro se* petition for declaratory judgment, claiming that the DOC incorrectly counted as a previous prison commitment the time he served in the 120 day call back program. The circuit court entered judgment in favor of Dudley. The DOC appeals.

### ANALYSIS

The parties do not dispute the facts of this case; the issue is purely a legal one. Because only a legal issue is at stake, this Court reviews the trial court's judgment de novo. *Cox v. Tyson Foods, Inc.,* 920 S.W.2d 534, 535 (Mo. banc 1996).

The DOC argues that retroactive application of section 559.115.7 is prohibited by section 1.160 RSMo (2000). Section 1.160 bars the retroactive application of substantive laws governing offenses.[2] In *State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004), this Court held that section 558.016.8,[3] a new parole eligibility statute enacted simultaneously with the statutes at issue in the instant case, could be applied retroactively to an offender who was sentenced in 1999, prior to the effective date of the act. As in this case, the State argued that retroactive application of

---

**2.** Section 1.160 provides that:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

**3.** The statute provides that an offender convicted of a nonviolent class C or D felony with no prior prison commitments may, after serving one hundred twenty days of his or her sentence, petition the court to serve the remainder of the sentence on probation, parole, or other court approved alternative sentence.

the state was prohibited by section 1.160. This Court rejected the State's argument because "[t]he granting of parole does not reduce the sentence imposed," but "may, however, change the location or circumstances under which the sentence is served." *Id.* Because the parole eligibility provisions of 558.016.8 did not repeal or amend any previously existing statute and did not shorten the defendant's sentence, section 1.160 did not bar the retroactive application of the statute. *Id.* at 871.

The rationale of the *Russell* case applies to this case. The parole eligibility provisions of section 559.115.7 do not alter a substantive law governing Mr. Dudley's offense or shorten his sentence. Instead, retroactive application of section 559.115.7 would only result in a potential change of the location or circumstances under which Mr. Dudley serves the remainder of his sentence. Therefore, section 1.160 does not bar retroactive application of the parole eligibility provisions of section 559.115.7.[4]

The judgment is affirmed.

WOLFF, C.J., STITH, PRICE, LIMBAUGH and RUSSELL, JJ., and BLACKMAR, Sr.J., concur.

WHITE, J., not participating.

---

**4.** The State also relies upon *State v. Lawhorn*, 762 S.W.2d 820 (Mo. banc 1988), to support its argument that section 559.115.7 cannot be applied retroactively. In *Lawhorn*, this Court held that retroactive application of a new law mandating longer prison terms violated the prohibition on *ex post facto* laws found in article I, section 10 of the United States Constitution and article I, section 13 of the Missouri Constitution. The new statute was an *ex post facto* violation because it clearly disadvantaged the offender. *Id.* at 826. In contrast, the amended statutes at issue in this case do not alter Jones' substantive rights in a manner that disadvantages him. *Lawhorn* is not applicable.