

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| DIMETRIOUS WOODS,<br><br>                           **Respondent,**<br><br>**v.**<br><br>MISSOURI DEPARTMENT OF<br>CORRECTIONS,<br><br>                      **Appellant.** | **WD81266**<br><br>**OPINION FILED:**<br>**January 8, 2019** |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division Two:** Alok Ahuja, Presiding Judge, and
Thomas H. Newton and Mark D. Pfeiffer, Judges

The Missouri Department of Corrections ("DOC") appeals the judgment of the Circuit Court of Cole County, Missouri ("circuit court"), granting Mr. Dimetrious Woods's ("Woods") motion for judgment on the pleadings in his declaratory judgment action. On appeal, the DOC claims the circuit court erred in granting the motion because the amendments to the criminal statutes governing Woods's offense do not apply retroactively to his sentence pursuant to section 1.160, RSMo 2016. We reverse; however, given that the issue presented in this case is of

general interest and importance and is likely to recur repeatedly, we exercise our discretion pursuant to Rule 83.02 to order transfer of this case to the Missouri Supreme Court.[1]

**Factual and Procedural Background**

Following a traffic stop in May of 2006, Woods and a co-defendant were charged with the offense of drug trafficking in the second degree in violation of section 195.223, RSMo Cum. Supp. 2005. At the time of Woods's offense, section 195.223, titled "Trafficking drugs, second degree – penalty[,]" provided various manners of committing second-degree drug trafficking and for each stated what class of crime that manner constituted (*e.g.*, class A or B felony).

Woods's case proceeded to a bench trial in October of 2007, and Woods was found guilty as charged. Finding that Woods was a prior drug offender pursuant to section 195.295.3, RSMo 2000, the court sentenced Woods to twenty-five years' imprisonment without eligibility for parole. At the time of Woods's sentencing, section 195.295, titled "Prior and persistent offenders – trafficking drugs, second degree, imprisonment for[,]" provided the mandatory term of imprisonment for repeat offenders convicted under each subdivision of section 195.223. Section 195.295.3 required that Woods "shall be sentenced to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole[.]" Woods's prior offender, second-degree drug trafficking sentence was ordered to run consecutively to a four-year sentence Woods received in an unrelated case.

Effective January 1, 2017, the Missouri Legislature, via Senate Bill 491, enacted the Revised Criminal Code of 2017. For drug trafficking offenses, the Code retained the substance of the offenses, but changed the quantity thresholds and made significant changes to sentencing,

---

[1] Contemporaneous to this Court's ruling in the present case, we have also handed down *Mitchell v. Jones*, WD81049 (Mo. App. W.D. Jan. 8, 2019), in which this Court has addressed the identical issues in similar fashion to our ruling in the present case, including the decision to immediately transfer *Mitchell* to the Missouri Supreme Court.

2

substantially reducing punishments for drug offenses generally and eliminating sentences without probation or parole for prior and persistent drug offenders. Section 195.223, defining second-degree drug trafficking and its elements and classifications, was transferred to section 579.068, and section 195.295, providing the mandatory term of imprisonment for prior and persistent drug offenders convicted under section 195.223, was repealed.

In May of 2017, Woods filed a petition for declaratory judgment arguing the repeal of section 195.295 applied retroactively, and that accordingly, he should be deemed eligible for parole on his twenty-five-year sentence. Both parties filed motions for judgment on the pleadings, and the circuit court granted Woods's motion, entering its judgment holding that, pursuant to *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), and *Irvin v. Kempker*, 152 S.W.3d 358 (Mo. App. W.D. 2004), section 195.295 is not applicable in determining Woods's parole eligibility and ordering the Department of Corrections to apply the existing laws in determining Woods's parole eligibility. Woods received a hearing and was paroled on March 23, 2018. The Department of Corrections timely appeals.

## Standard of Review

Appellate review of the circuit court's grant of a motion for judgment on the pleadings is *de novo*. *Fields v. Mo. Bd. of Prob. & Parole*, 559 S.W.3d 12, 15 (Mo. App. W.D. 2018); *Barrett v. Greitens*, 542 S.W.3d 370, 375 (Mo. App. W.D. 2017).

## Analysis

In its sole point on appeal, the DOC challenges the circuit court's determination that retroactively applied "existing laws concerning [Woods's] parole eligibility" to make Woods immediately eligible for parole, rather than section 195.295, which governed Woods's sentence at the time of sentencing and was later repealed effective January 1, 2017. The DOC asserts that

3

the circuit court's decision incorrectly altered Woods's final sentence in violation of section 1.160.

The effect of the repeal of a penal statute is expressly governed by section 1.160, RSMo 2016. This section reads:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

Because the purpose of section 1.160 is "to fix the penalties under the criminal statutes as of the date the offense was committed," the general rule is that "even if a statute dealing with sentencing, imprisonment, or probation is subsequently amended, the offender does not receive the benefit of the amendment." *Prapotnik v. Crowe*, 55 S.W.3d 914, 918 (Mo. App. W.D. 2001); *Fields*, 559 S.W.3d at 17.

Woods asserted below, and the circuit court agreed, that *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), requires us to conclude that the repeal of section 195.295 did not affect the "penalty" or "punishment" imposed for his recidivist drug offense. Instead, according to Woods and accepted by the circuit court, because the repeal of section 195.295 merely repealed a recidivist offender's ineligibility for probation or parole, *Russell* holds that section 1.160 is not implicated. We disagree.

In *Russell*, a new statute, section 558.016.8, was enacted, which allowed offenders convicted of nonviolent class C or D felonies with no prior prison commitments to petition the trial court to serve the remainder of the sentence on probation, parole, or other court-approved sentence. *Id.* at 870. The issue was whether section 1.160 prohibited the new statute from being

4

applied retroactively to offenders sentenced before the new statute's effective date. *Id. Russell* noted that "section 1.160 . . . applies to retroactive applications of substantive laws governing offenses." *Id. Russell* concluded that the new statute could be applied retroactively notwithstanding section 1.160 because "application of section 558.016.8 [would] not shorten [the offender's] sentence, nor does it alter the law creating the offense" as it is "a new statutory provision [] [that] does not repeal or amend any previously existing statute." *Id.* (citing *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518 (Mo. banc 2001)). With respect to the first aspect of its holding, that is, *Russell*'s reference to whether the new statute shortened the offender's sentence, the Supreme Court observed that "[t]he granting of parole does not reduce the sentence imposed." *Id.* Instead, application of the statute merely "change[d] the location or circumstances under which the sentence is served." *Id.* at 870-71.

Woods and the circuit court read this part of *Russell*'s holding, in isolation, to require retroactive application of any repealed or amended statute eliminating probation or parole ineligibility, or creating probation or parole eligibility where it did not previously exist. This reading oversimplifies the *entire* holding of *Russell* and ignores *Russell*'s corollary holding that statutes "alter[ing] the law creating the offense" cannot be retroactively applied, even if they address parole eligibility. *Id.* at 870. Plainly, in Woods's case, the "law" creating his offense (the commission of second-degree drug trafficking by a prior offender) and defining the required punishment for his offense is the collective reading of sections 195.223.3(2), 195.275.1(1), and 195.295.3. The punishment imposed for Woods's offense was mandated by statute—a term of years within that authorized for a class A felony to be served without eligibility for probation or parole. Parole ineligibility was thus a factor in the imposition of sentence within the range authorized for a class A felony. We held exactly that very recently in *Fields*, 559 S.W.3d at 19,

5

where we found that if "the statute defining the offense precludes parole eligibility for a mandatory period of time, 'it is implicit in the terms of the sentence' and, thus, affects the prosecution." (quoting *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 658 (1974)). "[B]ecause it [cannot] be seriously argued that sentencing decisions are made without regard to the period of time a defendant must spend in prison before becoming eligible for parole, or that such decisions would not be drastically affected by a substantial change in the proportion of the sentence required to be served before becoming eligible, parole eligibility can be properly viewed as being determined—and deliberately so—by the sentence of the [trial] judge." *Warden, Lewisburg Penitentiary*, 417 U.S. at 658.

Consequently, *Russell* is limited to the scenario where a "new" statute creates parole eligibility *without* altering the law governing an offense.[2] This reading of *Russell* is wholly consistent with the Supreme Court's subsequent precedent, *Jones v. Fife*, 207 S.W.3d 614 (Mo. banc 2006), and *Dudley v. Agneil*, 207 S.W.3d 617 (Mo. banc 2006). In both cases, our Supreme Court discussed the rationale of *Russell*, and concluded that section 1.160 will not bar retroactive application of a parole eligibility statute *if* "[t]he parole eligibility provision . . . [does] not alter a substantive law governing [the offender's] offense *or* shorten his sentence." *Jones*, 207 S.W.3d at 616; *Dudley*, 207 S.W.3d at 619 (emphasis added).

Thus, it is not enough to argue that a new or repealed statute eliminating parole ineligibility or creating parole eligibility must be retroactively applied simply because parole

---

[2] Section 1.160 RSMo 2000 in effect at the time *Russell* was decided in 2005 included subsection (2), which excepted from the prohibition against retroactive application of substantive laws governing offenses repealed or amended statutes where "the penalty or punishment for any offense is *reduced or lessened by any alteration of the law creating the offense* prior to original sentencing." (Emphasis added.) Though by its terms, section 1.160(2) is limited in its application to amendatory laws taking effect "prior to original sentencing" and though that was plainly *not* the procedural scenario in *Russell*, it is noteworthy that *Russell*'s analysis about the retroactive application of a new parole eligibility statute drew from language in then section 1.160(2), and cited with approval *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518 (Mo. banc 2001), a case which applied section 1.160(2). *Russell*, 129 S.W.3d at 870-71. Relevant to our discussion today, in 2006 the General Assembly amended section 1.160 to remove subsection (2).

does not shorten a sentence. Instead, to overcome the bar of section 1.160, a statute addressing parole eligibility must also be demonstrated not to "repeal or amend any previously existing statute" that is a part of the substantive law governing an offense. *Id.*

We reached the same conclusion under similar circumstances in *Fields*. *Fields* addressed whether Senate Bill 491's repeal of a statute that had required a mandatory minimum of eighty-five percent of a sentence to be served before parole eligibility affected the prosecution, penalty, or punishment of an offense for purposes of section 1.160. 559 S.W.3d at 15-17. In *Fields*, the appellant, who had been convicted of involuntary manslaughter, asserted that repeal of the subsection of the statute that mandated serving a minimum prison term of eighty-five percent should be retroactively applied to his sentence to render him eligible for parole. *Id.* at 15.

This Court applied the framework outlined in *Russell*. *Id.* at 17. Using that framework, *Fields* observed that the appellant was seeking "to take advantage of the [General Assembly's] decision to *repeal* an existing provision," which automatically cautions against retroactive application of the repeal. *Id.* at 18. *Fields* then addressed whether the former statutory mandate for service of eighty-five percent of a prison term before becoming eligible for parole affected the penalty or punishment of involuntary manslaughter as it existed at the time of the appellant's offense. *Id.* *Fields* recognized that "[n]umerous decisions indicate that a mandatory-minimum-prison-term provision located within the statute defining the offense that bars parole eligibility for a definite period of time—like the one at issue [in *Fields*]—is part of the penalty or punishment for that offense." *Id.* (citing *State v. Pribble*, 285 S.W.3d 310, 314 (Mo. banc 2009); *McDermott v. Mo. Bd. of Prob. & Parole*, 61 S.W.3d 246, 248 (Mo. banc 2001); *Short v. Mo. Bd. of Prob. & Parole*, 456 S.W.3d 72, 78 (Mo. App. W.D. 2015)). *Fields* concluded that when

parole eligibility for a mandatory period of time is precluded by the statute defining the offense, sentencing decisions are likely made with those parole eligibility restrictions in mind. *Id.* at 19. As such, *Fields* found that "because [the appellant's] claim [was] premised upon an amended statute that repealed a provision dealing with punishment for his offense, it falls squarely within the scope of [section] 1.160's bar on retroactive application." *Id.*

*Russell* and *Fields* are, indeed, instructive and controlling. Woods argued below, and the circuit court agreed, that the repeal of section 195.295 should be retroactively applied to make him eligible for parole when he was not at the time of his sentencing. However, the repeal of section 195.295 falls within the scope of section 1.160's bar on retroactive application because the repealed statute was a part of the substantive law governing Woods's offense. Section 195.295 described the authorized term of imprisonment to be imposed for a person found to be a prior drug offender and convicted of one of the specifically enumerated offenses therein described, and required the sentence imposed within that authorized range to be served without eligibility for probation or parole. Although the sentencing enhancement provision in section 195.295 was not located within section 195.223.3(2) (the statute which described the elements of the offense of trafficking in the second degree), because section 195.223.3(2) is expressly referenced in section 195.295, that statute defines the offense of trafficking in the second degree, and the required *punishment* for same, when the accused is determined to be a prior drug offender.

The repeal of section 195.295 by Senate Bill 491 thus falls within the scope of section 1.160's bar on retroactive application. Accordingly, the circuit court erred in granting Woods's motion for judgment on the pleadings.

**Conclusion**

For the reasons stated above, we reverse and vacate the judgment of the circuit court. In lieu of remanding to the circuit court for further proceedings consistent with our ruling at this time, we instead exercise our discretion pursuant to Rule 83.02 to order transfer of this case to the Missouri Supreme Court. As pointed out by Judge Ahuja's dissenting opinion, alternative interpretations of *State ex rel. Nixon v. Russell* and its progeny may lead to some degree of fair disagreement on the issue at hand. Given that this issue is one of general interest and importance, and it will certainly recur repeatedly in response to the General Assembly's recent overhaul of the criminal code, we believe clarity in the law on this topic by the Supreme Court is vital and necessary to the courts of the State of Missouri moving forward.


/s/ *Mark D. Pfeiffer*
_____
Mark D. Pfeiffer, Judge

Thomas H. Newton, Judge, concurs.
Alok Ahuja, Presiding Judge, dissents in a separate opinion.

9



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DIMETRIOUS WOODS,  )
                Respondent,  )
                              )
v.  )    WD81266
                              )
MISSOURI DEPARTMENT OF  )    FILED: JANUARY 8, 2019
CORRECTIONS,  )
                Appellant.  )

## DISSENTING OPINION

Although the General Assembly has repealed the statute which prevented Dimetrious Woods from being released on parole, the majority holds that Woods remains ineligible for parole. The majority opinion fails to fully implement the legislature's decision to allow offenders like Woods to be considered for parole. I respectfully dissent.

Woods was convicted of second-degree drug trafficking in 2007. Woods was a prior drug offender. At the time of his conviction, § 195.295.3, RSMo 2000[1] required that he serve his sentence "without probation or parole." In 2014, the General Assembly repealed this parole-ineligibility provision, effective January 1, 2017. Under controlling decisions of the Missouri Supreme Court and prior decisions of this Court, Woods is entitled to the benefit of the repeal of the parole-ineligibility statute.

The majority holds that the repeal of § 195.295.3 does not apply retroactively to Woods because of § 1.160. Section 1.160 provides:

---

      [1]     Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2017 Supplement.

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

In *Fields v. Missouri Board of Probation and Parole*, 559 S.W.3d 12 (Mo. App. W.D. 2018), we recently explained the operation of § 1.160:

In determining whether § 1.160 bars retroactive application of an existing statute, courts use a two-prong inquiry. First, we must determine whether the existing statute is a new provision or if it repealed or amended a previously existing provision. . . . [I]f the existing statute repealed or amended a previously existing provision, then we must determine whether the repealed or amended provision affects the prosecution, penalty, or punishment of the offense at issue. If the repealed or amended provision does *not* affect the prosecution, penalty, or punishment, then it . . . falls outside the scope of § 1.160, and retroactive application is not barred by § 1.160. If, on the other hand, the repealed or amended provision does affect the prosecution, penalty, or punishment of the offense at issue, then it is within § 1.160's bar on retroactive application and cannot be applied retroactively unless it is merely procedural.

*Id.* at 17-18 (citations and footnote omitted).

Here, the statutory enactment at issue is plainly a "repeal," so the only question is whether the repeal of § 195.295.3 "affect[s] the prosecution, penalty, or punishment" for the offense.

Missouri courts – and most importantly, the Missouri Supreme Court – have repeatedly held that statutes addressing parole eligibility do not affect the "punishment" for a criminal offense, and therefore are not subject to the retroactivity bar of § 1.160. In *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), the Supreme Court addressed a new statute permitting offenders to petition the court for release on parole following service of at least 120 days of their sentences. The Court held that this new statute applied to previously convicted

2

offenders, notwithstanding § 1.160's bar on retroactive application of certain criminal statutes. The Court declared that § 1.160 was not applicable because:

> ***The granting of parole does not reduce the sentence imposed.*** Section 558.016.8 does not shorten Estes' sentence; its application may, however, change the location or circumstances under which the sentence is served. . . . ***[N]ew provisions regarding parole d[o] not increase the offender's punishment*** . . . . As long as the new statute does not increase the length of an offender's sentence, the changes it makes are a fit subject for legislation.

*Id.* at 870-71 (emphasis added; citations omitted).

The Supreme Court again held that previously convicted offenders were subject to statutory amendments which relaxed the requirements for parole eligibility in *Jones v. Fife*, 207 S.W.3d 614 (Mo. banc 2006), and *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006). *Jones* and *Dudley* involved the operation of § 558.019, which specifies that offenders with "previous prison commitment[s]" must serve certain minimum terms before becoming eligible for parole. Section 558.019.2 provides that a "'prison commitment' means and is the receipt by the department of corrections of an offender after sentencing." The definition of a prior "prison commitment" in § 558.019.2 was altered by a 2003 amendment to § 559.115.7, which specified that

> [a]n offender's first incarceration for one hundred twenty days for participation in a department of corrections program prior to release on probation shall not be considered a previous prison commitment for the purpose of determining a minimum prison term under the provisions of section 558.019, RSMo.

§ 559.115.7, RSMo Cum. Supp. 2003. Because it would reduce the number of "previous prison commitment[s]" counted against certain offenders, the enactment of § 559.115.7 had the effect of reducing the minimum term those offenders would be required to serve before becoming parole eligible.

The question in *Jones* and *Dudley* was whether the 2003 amendment to the definition of a prior "prison commitment" would be applied to offenders convicted

3

prior to 2003. The Supreme Court held that previously convicted offenders should receive the benefit of § 559.115.7, and that § 1.160 did not prevent the new statute from being applied retroactively. The Court explained:

> In *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004), this Court held that section 558.016.8, a new parole eligibility statute enacted simultaneously with the statutes at issue in this case, could be applied retroactively to an offender who was sentenced prior to the effective date of the statute. As in this case, the State argued that retroactive application of the statute was prohibited by section 1.160. This Court rejected the State's argument because ***"[t]he granting of parole does not reduce the sentence imposed," but "may, however, change the location or circumstances under which the sentence is served."*** *Id.* Because the parole eligibility provisions of 558.016.8 did not repeal or amend any previously existing statute and did not shorten the defendant's sentence, section 1.160 did not bar the retroactive application of the statute. *Id.* at 871.
>
> The rationale of the *Russell* case applies to this case. ***The parole eligibility provisions of section 559.115.7 and section 217.362.5 do not alter a substantive law governing Jones' offense or shorten his sentence. Instead, retroactive application of the statutes would only result in a potential change of the location or circumstances under which Jones serves the remainder of his sentence.*** Therefore, section 1.160 does not bar retroactive application of the parole eligibility provisions of section 559.115.7 or section 217.362.5.

*Jones*, 207 S.W.3d at 616-17 (emphasis added; footnotes omitted); *see also Dudley*, 207 S.W.3d at 618-19 (same).

Following *Russell*, this Court has held on numerous occasions that statutory changes which have the effect of relaxing parole-eligibility requirements apply to previously convicted offenders. We have explained that "*Russell* held that . . . a new parole eligibility statute . . . applied retroactively because it did not change the offender's punishment. The Court affirmed that Section 1.160 is inapplicable to any new statute that does not shorten or increase the length of an offender's sentence." *Carlyle v. Mo. Dep't of Corrections*, 184 S.W.3d 76, 79 (Mo. App. W.D. 2005) (citations omitted). We have also stated that *Russell* and related case law "makes it clear that any changes in the law with regard to the minimum prison term can be

4

retroactively applied" to previously convicted offenders. *Talley v. Mo. Dep't of Corrections*, 210 S.W.3d 212, 216 (Mo. App. W.D. 2006). *See also Bantle v. Dwyer*, 195 S.W.3d 428, 432 (Mo. App. S.D. 2006); *Ridinger v. Mo. Bd. of Probation & Parole*, 189 S.W.3d 658, 663 (Mo. App. W.D. 2006); *Neiuwendaal v. Mo. Dep't of Corrections*, 181 S.W.3d 153, 154-55 (Mo. App. W.D. 2005); *Irvin v. Kempker*, 152 S.W.3d 358, 362 (Mo. App. W.D. 2004); *Powell v. Mo. Dep't of Corrections*, 152 S.W.3d 363, 366 (Mo. App. W.D. 2004).[2]

Thus, under *Russell* and its progeny, "Section 1.160 is inapplicable to any new statute that does not shorten or increase the length of an offender's sentence," *Carlyle*, 184 S.W.3d at 79, and "[t]he granting of parole does not reduce the sentence imposed." *Russell*, 129 S.W.3d at 870. Notably, prior to this Court's decision a few months ago in the *Fields* case, <u>no</u> Missouri decision of which I am aware had denied a previously-convicted defendant the benefit of a new statute which relaxed the requirements for parole eligibility. Under the straightforward principle established in *Russell* and the cases following it, Woods is plainly entitled to the benefit of the General Assembly's repeal of § 195.295.3 RSMo 2000, because the repeal of this parole-ineligibility provision does not alter his underlying sentence. That should be the end of the matter.

The majority holds that *Russell* and similar cases are inapplicable here, because in this case, the repeal of § 195.295.3 has the effect of "altering the law creating the offense" of second-degree drug trafficking. I disagree. *Russell* held that § 1.160 only "applies to retroactive applications of *substantive laws governing*

---

[2]    In addition to holding that a statutory amendment which relaxed parole-eligibility requirements did not increase the offender's punishment, *Niewendaal* also held that such an amendment was "procedural" rather than "substantive," because "[i]t clarifies the procedure by which minimum prison terms are determined." 181 S.W.3d at 155. If statutory amendments reducing parole-eligibility requirements are properly denominated "procedural," this provides an additional basis to hold that such amendments should be applied to previously convicted offenders like Woods.

5

*offenses.*" 129 S.W.3d at 870 (emphasis added).  And in *Russell*, *Jones* and *Dudley*, the Supreme Court distinguished the "substantive law governing offenses" (or "the law creating the offense") from the statutes specifying criminal sentences, and from the statutes specifying parole eligibility.  *See Jones*, 207 S.W.3d at 616 (new enactments "do not alter a substantive law governing Jones' offense <u>or</u> shorten his sentence" (emphasis added); *Dudley*, 207 S.W.3d at 619 (same); *Russell*, 129 S.W.3d at 870 (new statutory enactment "does not shorten [the offender's] sentence, <u>nor</u> does it alter the law creating the offense" (emphasis added)).  Plainly, what the Supreme Court meant by "the law creating the offense" or "the substantive law governing an offense" was the statute which actually specifies the substantive elements of the offense, and the offense's classification in a tiered offense hierarchy.[3]

In this case, the repealed parole-ineligibility provision did <u>not</u> appear in the substantive law creating the offense of second-degree drug trafficking.  At the time of Woods' offense, second-degree drug trafficking was defined in § 195.223, RSMo 2000.  As relevant here, § 195.223.2(2) provided that, if an individual possessed more than 450 grams of certain cocaine derivatives or analogs, "the person shall be

---

[3]       As the majority opinion observes in footnote 2, the phrase "the law creating the offense" previously appeared in a provision of § 1.160.  *See* § 1.160(2), RSMo 2000. When interpreting that now-repealed provision, the courts drew a distinction between the law actually specifying the conduct which constituted a particular crime – namely, "the law creating the offense" – and the law specifying *the punishment* for a particular crime.  *See, e.g., Watkins v. Mo. Dep't of Corrections*, 349 S.W.3d 423, 427 (Mo. App. W.D. 2011); *Edwards v. State*, 215 S.W.3d 292, 294 (Mo. App. S.D. 2007); *Emerick v. State*, 172 S.W.3d 867, 869 (Mo. App. S.D. 2005); *State v. Regot*, 172 S.W.3d 485, 490–91 (Mo. App. E.D. 2005); *State v. Guyton*, 158 S.W.3d 252, 256 (Mo. App. E.D. 2005); *State v. Johnson*, 150 S.W.3d 132, 138–39 (Mo. App. E.D. 2004); *see also State ex rel. Nixon v. Kelley*, 58 S.W.3d 513, 518 (Mo. banc 2001) (amendment to statute specifying the credit which an offender should receive against his or her sentence for time spent in pre-trial detention did not change "the law creating the offense").  This caselaw further confirms that laws which merely address *parole eligibility* for a particular crime or class of crimes cannot properly be considered part of "the law creating the offense."

6

guilty of a class A felony." Section 195.223.2 fully defined the relevant offense. It laid out all of the elements of the offense:

> (1) the prohibited *actions* ("possesses or has under his control, purchases or attempts to purchase, or brings into this state");

> (2) the prohibited *substances* (various specifically described cocaine-related substances); and

> (3) the prohibited *quantity* ("four hundred fifty grams or more").

Section 195.223.2(2) also specified the *classification* of the relevant offense ("shall be guilty of a class A felony"). Thus, the relevant offense of second-degree drug trafficking was fully defined by § 195.223.2 – there was no reason to look to the repealed statute (§ 195.295) to define the offense of which Woods was convicted.[4]

*All* that § 195.295.3 did was specify that, "if the court finds the defendant is a prior drug offender," then the defendant's sentence "shall be served without probation or parole." All that § 195.295.3 did was to make *certain recidivist offenders* convicted of second-degree drug trafficking ineligible for parole. It did not "create the offense" – it only specified parole ineligibility for recidivist offenders.[5]

---

[4]     This case is thus distinguishable from *Fields*, 559 S.W.3d 12, in which a minimum-term provision appeared in the same statute as the one which specified the elements of the relevant offense, and in the same sub-section which specified the offense's classification as a class B felony. §§ 565.024.1(3)(a), .2, RSMo Cum. Supp. 2008. While *Fields* is distinguishable, I seriously question whether it can be reconciled with *Russell* and the other cases discussed in the text, which plainly hold that statutory provisions specifying parole eligibility do _not_ affect the length of an offender's sentence, and are therefore not subject to the retroactivity bar of § 1.160. I also note that the discussion of this issue in *Fields* is plainly *dictum*, since the Court separately found that the specific offense of which the offender had been convicted in that case had been wholly repealed. *See Fields*, 559 S.W.3d at 17. *Fields* was not a case – like this one – in which a later statutory amendment merely affected a parole-eligibility provision, but otherwise retained the definition of the earlier offense.

[5]     The majority suggests that the repealed § 195.295.3 specified the punishment for second-degree drug trafficking because it classified particular drug offenses, when committed by a prior offender, as class A felonies. But each of the specific offenses listed in § 195.295.3 was *already* classified as a class A felony by virtue of the relevant provisions of § 195.223. Section 195.295.3 did not *classify* particular offenses; _all_ that it did was specify that certain recidivist offenders would not be eligible for parole.

7

Here, the repealed parole ineligibility provision appears in a separate statutory section from the one creating the offense. In addition, the repealed provision in this case does not affect _all_ people who commit second-degree drug trafficking, or even all people who commit second-degree drug trafficking *in a particular manner*. It only affects *repeat offenders* who are convicted of committing particular forms of second-degree trafficking. Section 195.295 does not "create the offense" of second-degree trafficking in any meaningful sense.[6]

Even if there is some *ambiguity* as to whether the parole-ineligibility provision at issue in this case constitutes part of the "punishment" for Woods' offense, and is therefore subject to the retroactivity bar of § 1.160, that ambiguity should be resolved in Woods' favor under the "rule of lenity." "'[W]here there is ambiguity, the rule of lenity requires that the court strictly construe a criminal statute against the state.'" *State v. Pribble*, 285 S.W.3d 310, 315 (Mo. banc 2009) (quoting *State v. Johnson*, 244 S.W.3d 144, 168 (Mo. banc 2008)). Because § 1.160 applies solely to the interpretation and application of criminal statutes, it is subject

---

In any event, *even if* § 195.295.3 specified the punishment for Woods' offense, that did not make it part of "the law creating the offense," for reasons discussed in the text.

[6] The majority opinion also suggests that *Russell* is only applicable where a _new_ statutory provision (as opposed to a statutory repeal or amendment) affects parole eligibility. As explained in the text, however, *Jones* and *Dudley* involved an enactment which had the effect of modifying § 558.119.2's definition of a "prison commitment," by excluding participation in a 120-day program from the definition. Likewise, in *Talley*, we applied *Russell* to a statutory amendment which repealed a portion of § 556.061.8, by removing armed criminal action from the list of "dangerous felonies." This statutory repeal had the effect of removing armed criminal action from the requirement in § 558.019.2 that persons convicted of a dangerous felony serve a minimum of 85% of their sentence. *Russell* is plainly applicable to the *repeal* or *amendment* of previously-existing statutes, not just to *new* statutory provisions.

I also note that the majority is incorrect when it suggests (Op. at 2) that the statutory revisions effective in 2017 "changed the quantity thresholds" (and thus one of the critical elements) of Woods' crime. To the contrary, the post-2017 statute retains the 450-gram threshold for the offense of which Woods was convicted. *Compare* § 579.068.3(2) *with* § 195.223.2(2), RSMo 2000.

8

to the rule of lenity, and that rule should be applied here to resolve any doubt in Woods' favor as to whether the repeal of § 195.295.3 affected his "punishment."

## Conclusion

Multiple Missouri Supreme Court decisions – and numerous subsequent decisions of this Court – announce the simple, clear rule of law which should govern here:  statutory amendments relaxing the requirements for parole eligibility apply to previously convicted offenders.  We should apply that straightforward principle here, and affirm the judgment of the circuit court.  The General Assembly has chosen to remove the prohibition on parole for persons convicted of non-violent drug offenses like the one Woods committed.  We should fully implement this legislative decision by recognizing that _all_ persons convicted of the relevant offenses are now parole-eligible, whether their offenses occurred before or after 2017.

While I disagree with the majority's disposition of this case, I appreciate my colleagues' willingness to transfer this case to the Supreme Court on our own motion.  The issues raised in this case are important and recurring, and should be resolved on an authoritative and State-wide basis at the earliest opportunity.

_____
Alok Ahuja, Presiding Judge

9