

# SUPREME COURT OF MISSOURI
## en banc

GARY L. MITCHELL, )  *Opinion issued February 4, 2020*
                                  )
            Appellant, )
                                  )
v. )  No. SC97631
                                  )
DON PHILLIPS, )
                                  )
            Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Daniel R. Green, Judge

Gary L. Mitchell appeals from the circuit court's judgment sustaining the chairman of the Missouri board of probation and parole's[1] motion to dismiss Mr. Mitchell's petition for declaratory judgment in which he sought a declaration of his right to a parole hearing. Mr. Mitchell claims the circuit court erroneously concluded the repeal of section 195.295.3, RSMo 2000, which prohibited his parole eligibility at the time of his offense, could not be applied retroactively because it would alter his sentence. Because Mr. Mitchell's parole ineligibility is part of his sentence, the repeal of section 195.295.3, RSMo 2000, does not render him parole eligible. The circuit court's judgment is affirmed.

---

[1] Mr. Mitchell filed his petition against Kenny Jones in his official capacity as chairman of the board of probation and parole. By operation of Rule 52.13, Mr. Jones's successor, Don Phillips, has been substituted in his place.

**Factual and Procedural Background**

In July 2013, a jury found Mr. Mitchell guilty of drug trafficking in the second degree, section 195.223.3(2), RSMo Supp. 2010, for acts committed in November 2009. The state charged Mr. Mitchell as a prior drug offender under section 195.275.1(1), RSMo 2000, and the circuit court found the same beyond a reasonable doubt. Because he was a prior drug offender, section 195.295.3, RSMo 2000, required the circuit court to sentence Mr. Mitchell "to the authorized term of imprisonment for a class A felony, which term shall be served without probation or parole[.]"

Effective January 1, 2017, the general assembly repealed section 195.295, RSMo 2000. After the repeal, Mr. Mitchell filed a petition for declaratory judgment against the chairman of the Missouri board of probation and parole arguing he was eligible for parole because the statute that had rendered him ineligible for parole had been repealed. The chairman filed a motion to dismiss for failure to state a claim. The circuit court sustained the motion, holding Mr. Mitchell's parole ineligibility was part of his sentence; therefore, section 1.160[2] prohibited any retroactive application of the repeal. Mr. Mitchell appealed, and the court of appeals transferred the case to this Court after opinion. Mo. Const. art. V, sec. 10.

**Standard of Review**

This Court reviews a circuit court's sustaining of a motion to dismiss *de novo*. *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019).

---

[2] All statutory citations to section 1.160 are to RSMo 2016 unless otherwise noted.

> A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition. When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader.

*Id.* (quoting *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012)).

## Analysis

The chairman asserted in his motion to dismiss that Mr. Mitchell's petition failed to allege facts that, if true, would entitle him to relief. The chairman argued section 195.295.3, RSMo 2000, required the no-parole provision be automatically imposed as a condition of Mr. Mitchell's sentence, so retroactive application of its repeal would change Mr. Mitchell's sentence – a result that the chairman alleged section 1.160 prohibits. The circuit court agreed and dismissed Mr. Mitchell's petition for declaratory judgment. On appeal, Mr. Mitchell claims the circuit court erred because his parole ineligibility is not part of his sentence.

"A criminal sentence is the penalty for a particular offense." *Bearden v. State*, 530 S.W.3d 504, 506 (Mo. banc 2017) (quotations omitted). "The sentence that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense." *McCulley v. State*, 486 S.W.2d 419, 423 (Mo. 1972) (quotations omitted). Mr. Mitchell was convicted of trafficking drugs in the second degree as a prior offender. Section 195.223.3(2), RSMo Supp. 2010. At the time Mr. Mitchell committed that offense, section 195.295.3, RSMo 2000, provided the permissible penalty for the offense. Pursuant to that section, the only permissible punishment was a "term of imprisonment for a class A felony, which term shall be served without probation or parole."

3

Mr. Mitchell's parole ineligibility was mandated as part of the punishment within the particular statute designating the permissible penalty for his offense. Therefore, parole ineligibility is part of his sentence.

Mr. Mitchell concedes section 195.295.3, RSMo 2000, the statute establishing the sentence for prior offenders trafficking drugs in the second degree, mandated that the sentence be served without parole. Nevertheless, he claims retroactive application of the repeal of section 195.295 is permitted under this Court's decisions in *State ex rel. Nixon v. Russell*, 129 S.W.3d 867 (Mo. banc 2004); *Jones v. Fife*, 207 S.W.3d 614 (Mo. banc 2006); and *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006). But these cases are distinguishable from the present action. In *Russell*, *Jones*, and *Dudley*, general parole statutes were adopted or amended, and the offenders' sentencing statutes lacked restrictions on parole eligibility. *Russell*, 129 S.W.3d at 869; *Jones*, 207 S.W.3d at 615-16; *Dudley*, 207 S.W.3d at 618.

In *Russell*, the offender was found guilty of 10 counts of nonviolent class D felonies in 1999 and received sentences totaling ten years. 129 S.W.3d at 868. Subsequently, the legislature enacted a statute, section 559.016.8, RSMo Supp. 2003, that allowed offenders convicted of nonviolent class C and D felonies with no prior prison commitment to petition the sentencing court for release on "probation, parole, or other court-approved alternative sentence" after serving 120 days. *Id.* After the circuit court placed the offender on "judicial parole," the state sought an extraordinary writ. *Id.* This Court quashed the preliminary writ, holding "application of section 558.016.8 does not shorten [the offender's] sentence, nor does it alter the law creating the offense." *Id.* at 870.

4

Thereafter, in *Jones,* the Court reversed a judgment denying an offender retroactive application of two newly enacted provisions, sections 559.115.7 and 217.362.5, RSMo Supp. 2004. The newly enacted provisions precluded treating a commitment to a 120-day program under section 559.115, RSMo 1990, or a long-term drug treatment program under section 217.362 as prior commitments for purposes of determining parole eligibility. 207 S.W.3d at 615. In finding the newly enacted provisions applicable, the Court found the statutes regulated parole eligibility and did not "alter a substantive law" governing Mr. Jones's offense. *Id.* at 616.

In *Dudley*, issued the same date, the Court reviewed a declaratory judgment applying a subsequently enacted provision, section 559.115.7, RSMo Supp. 2004, that provided "an offender's first time incarceration in a 120-day callback program does not count as a previous prison commitment for purposes of calculating mandatory minimum prison terms." 207 S.W.3d at 618. The Court expressly stated it was following the rationale in *Nixon* in affirming the judgment applying the provision could be applied retroactively "because the statute is a parole eligibility statute that does not change the offender's punishment." *Id.*

These cases hold that parole eligibility governed by a statute other than the one establishing the substantive penalty for a particular offense is not part of the sentence. This is consistent with the Court's holding here because, in those cases, ineligibility for parole was not part of the punishment mandated by the particular statutes establishing the permissible penalties for the offenses, i.e., not part of the offenders' sentences. When an offender's sentence contains no restrictions on parole eligibility, statutory amendments to

5

and repeals of general parole-eligibility statutes govern, subject to the constitutional prohibition against ex post facto laws. *See Gallup v. State*, 733 S.W.2d 435, 436 (Mo. banc 1987).

Both Mr. Mitchell and the dissenting opinion note the holding in *McCulley* that "probation or parole is not part of the sentence imposed upon a defendant" was the basis of the Court's ruling in *Nixon*. 486 S.W.2d at 423. They argue the holding of *McCulley* compels the conclusion that a statutory change to eligibility for parole does not change an offender's sentence that prohibits parole. The holding in *McCulley*, however, is not a rule that applies universally. The holding must be read in the context of the facts and legal issues of that case.

*McCulley* began its analysis with the proposition that the "sentence that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense." *Id.* It then proceeded to note neither probation nor parole was "permissible punishment under the statutes setting out what the punishment for [Mr. McCulley's] crime shall be." *Id.* (quotations omitted). Indeed, the punishment for Mr. McCulley's offense was limited to "imprisonment in the penitentiary for not more than ten years nor less than two years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." *Id.* (quotations omitted). It was only after noting the sentencing statute contained no mention of probation or parole that *McCulley* held neither probation nor parole was part of Mr. McCulley's sentence. *Id.* This holding was a straightforward application of the overarching rule that the sentence is the "punishment

6

that comes within the particular statute designating the permissible penalty for the particular offense." *Id.*

This opinion applies that same overarching rule. The difference in outcome between this case and *McCulley* is explained by the different punishments designated by the respective sentencing statutes. Unlike *McCulley*, the statute designating the permissible penalty for Mr. Mitchell's offense expressly mandated his term of imprisonment be served without probation or parole. Under a straightforward application of the overarching rule in *McCulley*, Mr. Mitchell's ineligibility for probation or parole is part of his sentence.

The circuit court, therefore, correctly held applying the repeal of section 195.295.3 retroactively would change Mr. Mitchell's sentence. In so holding, however, the circuit court improperly found that section 1.160 prohibited retroactive application of the statutory repeal. While section 1.160 prohibits the retroactive application of a statute's repeal or amendment under certain circumstances, its scope is limited. It is a general savings statute and serves a narrow purpose.

Section 1.160 provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

This section preserves: (1) liability for offenses committed previous to or at the time a statutory provision is repealed or amended; (2) liability for fines, penalties, and forfeitures incurred previous to or at the time a statutory provision is repealed or amended; and (3) the

7

authority to continue prosecutions commenced or pending before a statutory provision is repealed or amended.

The general assembly enacted section 1.160 as a savings statute because, under the common law, when a law is repealed and there exists neither a savings clause in the repealing act nor a general savings statute, the repealing act obliterates the repealed law as if it had never existed. *Harkey v. Mobley*, 552 S.W.2d 79, 81 (Mo. App. 1977); *see State ex rel. Wayne Cnty. v. Hackmann*, 199 S.W. 990, 991 (Mo. banc 1917); *State v. Matthews*, 14 Mo. 133, 134 (Mo. 1851); NORMAN J. SINGER & J.D. SHAMBIE SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION 561 (7th ed. 2009) [hereinafter SUTHERLAND]. A repeal terminates any action that has not proceeded to a final judgment because there can be no "judgment unless the law is in force at the time of the indictment and judgment. If the law ceases to operate . . . by a repeal at any time before judgment, no judgment can be given." *State v. Boogher*, 71 Mo. 631, 633 (Mo. 1880); *accord* THEODORE SEDGWICK, A TREATISE ON THE RULES WHICH GOVERN THE INTERPRETATION AND APPLICATION OF STATUTORY AND CONSTITUTIONAL LAW 130 (photo. reprt. 2012) (1857). By contrast, when a repealing act contains a savings clause, the clause continues "in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed." *City of Kirkwood v. Allen*, 399 S.W.2d 30, 35 (Mo. banc 1966) (quoting *State ex rel. Bair v. Producers Gravel Co.*, 111 S.W.2d 521, 525 (Mo. 1937)). The purpose of section 1.160 and other general savings statutes is to dispense "with the necessity of inserting a saving clause in any repealing statute." *State v. Matthews*, 14 Mo. 133, 136 (Mo. 1851).

8

When a case has been reduced to final judgment and direct review exhausted, however, the preservation afforded by section 1.160 is unnecessary because the repeal does not affect final adjudications in the first instance.  Such limitation has been recognized by this Court for more than a century.  *Ex parte Wilson*, 48 S.W.2d 919, 921 (Mo. banc 1932) ("The result of our construction of section 4468 is to subject all offenders against any statute of this state to the punishment prescribed for the offense at the time it was committed, although the statute creating the offense is repealed before the entry of judgment and sentence . . . ."); *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("[W]hen an act of the legislature is repealed, it must be considered, *except as to transactions past and closed*, as if it never existed." (emphasis added));   SUTHERLAND, *supra*, at   552-53 ("Except as to proceedings past and closed, the statute is considered as if it had never existed.").  It is only when a statutory provision is repealed or amended before adjudication is complete and direct review exhausted that section 1.160 saves the liability, punishment, and prosecution arising under the repealed provision and continues the statute in force "until proceedings commenced thereunder, regardless of their nature, might be completed." *City of Kirkwood*, 399 S.W.2d at 35.

Indeed, even when section 1.160 contained a provision permitting an offender to obtain the benefit of a statutory repeal or amendment that reduced or lessened his or her punishment by altering the law creating the offense,[3] the offender could claim the

---

[3] For more than a century, section 1.160 and its predecessors contained a clause allowing an offender to receive the benefit of lessened punishment if the law creating the offense changed before a final judgment was rendered against him or her.

amelioration only while the offender's case was pending. In *State v. Sumlin*, the Court held "[s]ection 1.160 authorizes a defendant to move for a reduction of sentence if the penalty for his offense of conviction has been reduced subsequent to the commission of the offense *but before the conviction becomes final.*" 820 S.W.2d 487, 492 (Mo. banc 1991) (emphasis added); *see also State v. Edwards*, 983 S.W.2d 520, 521-22 (Mo. banc 1999); *A.B. v. Frank*, 657 S.W.2d 625, 627 (Mo. banc 1983); *State v. Hawkins*, 482 S.W.2d 477, 479-80 (Mo. 1972); *State v. Reiley*, 476 S.W.2d 473, 474 (Mo. 1972); *State ex rel. Cole v. Nigro*, 471 S.W.2d 933, 934 (Mo. banc 1971).[4]

The circuit court was incorrect to rely on section 1.160 because it is inapplicable to sentences in final judgments. Nevertheless, the circuit court's finding was correct that retroactive application of the repeal of section 195.295.3, RSMo 2000, is prohibited because it would change Mr. Mitchell's sentence.

## Conclusion

At the time he committed the offense, Mr. Mitchell's parole ineligibility was mandated by section 195.295.3, RSMo 2000, which set the mandatory punishment for prior offenders trafficking drugs in the second degree. Any application of the repeal of section 195.295.3, RSMo 2000, to Mr. Mitchell retroactively would change his sentence.

---

[4] Subsequent to these decisions, the clause was codified as section 1.160(2), RSMo 2000, and provided, "[I]f the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law." Subsection 2 of section 1.160 was repealed in 2005. For prior codifications of section 1.160(2), see section 4861, RSMo 1939; section 4468, RSMo 1929; section 3709, RSMo 1919; and section 1675, RSMo 1879.

Therefore, the repeal of section 195.295.3, RSMo 2000, can have no effect on Mr. Mitchell's parole eligibility. He remains ineligible for parole in accordance with the terms of his sentence. Accordingly, the circuit court's judgment is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

Draper, C.J., Wilson, Russell,
Powell and Fischer, JJ., concur;
Stith, J., dissents in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

GARY L. MITCHELL, )
)
            Appellant, )
)
v. )    No. SC97631
)
DON PHILLIPS, )
)
            Respondent. )

## DISSENTING OPINION

I respectfully dissent. The principal opinion recognizes the well-settled rule in Missouri "that probation or parole is not part of the sentence imposed upon a defendant." *McCulley v. State, 486 S.W.2d 419, 423 (Mo. banc 1972).* This Court has applied that rule in scores of cases, including in *McCulley* and the three other cases discussed by the principal opinion, *State ex rel. Nixon v. Russell, 129 S.W.3d 867 (Mo. banc 2004); Jones v. Fife, 207 S.W.3d 614 (Mo. banc 2006);* and *Dudley v. Agniel, 207 S.W.3d 617 (Mo. banc 2006); see also Smith v. State, 517 S.W.2d 148, 149 (Mo. 1974).* But the principal opinion says this rule does not apply when the statute setting out the permissible "term of imprisonment" also provides that the "term shall be served without probation or parole."

*Slip op. at 4; see also § 195.295.3, RSMo 2000.* The principal opinion cites no authority for this exception, instead contenting itself with distinguishing the facts of the above cases because in none of them did the same statute creating the crime also provide there would be no probation or parole for the crime.

While true, this factual distinction does not provide a basis for reaching a different result than this Court reached in the four cited cases, for the plain holding of *McCulley* still applies: "probation or parole is not part of the sentence imposed upon a defendant." *486 S.W.2d at 423.* That holding was not conditioned on whether the statute defining what sentence could be imposed also stated whether that sentence would be served without probation or parole, but on the fact that "[p]robation is not a sentence nor could the conditions of probation be a sentence." *Id.; accord, Smith, 517 S.W.2d at 150* (because probation was not part of sentence the court had no authority to modify it).

Similarly, in *Russell,* this Court did not base its analysis on which statute contained the provision governing the offender's right to parole, but on the general principle that "[t]he granting of parole does not reduce the sentence imposed." *129 S.W.3d at 870, citing McCulley, 486 S.W.2d at 423.* This is because, *Russell* said, a statute governing parole "does not shorten [the defendant's] sentence; its application may, however, change the location or circumstances under which the sentence is served. … As long as the new statute does not increase the length of an offender's sentence, the changes it makes are a fit subject for legislation." *128 S.W.3d at 871; accord, Dudley, 207 S.W.3d at 619* (because "the granting of parole does not reduce the sentence imposed" then "retroactive application of section 559.115.7 would only result in a

2

potential change of the location or circumstances under which [the offender] serves the remainder of his sentence").[1]

Here, as in each of the above cases, the sentence imposed is the term of years to which the accused is sentenced. When no probation or parole is permitted, that simply means the entire sentence will be served in prison; when probation or parole is permitted, that simply means some part of the sentence may be served outside of prison. Where the sentence will be served does not change the fact the actual sentence is the term of years to which the defendant was sentenced. "Probation lessens the immediate impact of the sentence on the defendant; but probation does not, per se, shorten or lengthen the sentence." *McCulley, 486 S.W.2d at 423.*

That parole is not part of the sentence itself is evident from the language of section 195.295.3, which prior to its repeal stated that a prior drug offender was to be sentenced "to the authorized term of imprisonment for a class A felony, *which term* shall be served without probation or parole" (emphasis added). In other words, section 195.295.3 itself states that *the imprisonment is "the term" of sentence imposed*, and the lack of probation or parole merely describes the *manner* in which the "term shall be served." *Id.* Were Mr. Mitchell to become parole-eligible, there would be no change in his sentence because parole eligibility would not shorten or lengthen the term of his sentence.

The principal opinion misreads the statute. This misreading of the statute is what

---

[1] *See also Jones, 207 S.W.3d at 616* ("retroactive application of [sections 559.115.7 and 217.362.5] do not alter a substantive law governing Jones' offense or shorten his sentence" and "would only result in a potential change of location or circumstances under which Jones serves the remainder of his sentence").

has precluded it from applying the revised statute to Mr. Mitchell and allowing him to be eligible for parole.  For this reason, I dissent.

_____
**LAURA DENVIR STITH, JUDGE**